## LUCY R. SHED v. JACOB AUGUSTINE.

1. ANSWER; *Several Defenses, not Inconsistent.* Usury, extension of time to the principal whereby the surety is discharged, and payment, are not inconsistent defenses in an answer of a surety on a promissory note.

2. LAWS OF FOREIGN STATES; *Judicial Notice.* The courts of this state do not take judicial notice of the laws of another state; and it is error to instruct a jury as to the meaning and effect of those laws in the absence of any evidence concerning them.

3. INSTRUCTIONS, *when Erroneous.* Where the jury may have been misled by such erroneous instructions, and may have based their verdict upon them, it is the duty of this court to reverse the judgment, even though there are other matters upon which the jury might properly have returned the same verdict.

### Error from Davis District Court.

ON the 8th of May 1855, at Mendota, Illinois, *Augustine,* as surety for one Rust, executed his promissory note for $200 payable to the plaintiff six months after date, with interest at the rate of 10 per cent. per annum. The action below was on this note. Defendant answered, setting up three defenses, first, payment; second, that he signed the note without consideration, and the plaintiff, by agreement with the principal debtor, extended the time of payment one year, and without his knowledge or consent, and for a valuable consideration; third, usury. Trial at September Term 1873. Plaintiff moved the court to require defendant to strike out all except the defense of payment, as being inconsistent, or elect upon which defense he would rest his case. This motion was overruled.

Verdict and judgment in favor of the defendant, and plaintiff brings the case here on error.

*Culbertson & Hoffmire,* and *Case & Putnam,* for plaintiff:

1. It was error to overrule plaintiff's motion. The defenses were inconsistent. 1 Kas., 258; 8 Kas., 672.

2. The case must have been decided in favor of defendant on either the ground of *usury,* or that the plaintiff *extended* the *time* of *payment* of the note, for there is no proof of payment of the principal. The proof as to *extending* the *time* is contained in the evidence of the principal to the note, P. B. Rust, and shows that there was no binding contract to extend the time, and no consideration therefor. Story on Notes, §§ 415, 426; Chitty on Bills, ch. 9, p. 442; Bayley on Bills, ch. 9, p. 339; 1 McLean, 93; 12 Wheaton, 554. As to the payment of interest during the time of forbearance, see 5 Wend., 501; 17 Pick., 150; 23 Me., 157; 17 Wend., 501; 5 How., 206. The requisites indispensable for absolving the surety, are, 1st, a consideration; 2d, a promise to indulge for a *definite time;* and, 3d, the absence of the surety's assent: 4 Leigh, 622; 17 Wend., 501; 2 Randolph, 328; 4 id., 104.

3. As to the usury: The court instructed what the law of Illinois was as to usury. There was no evidence before the court as to the law of Illinois. The Gen. Stat. of 1868, p. 700, § 370, provide how the laws of other states shall be proved. The court could not take judicial notice of the laws of Illinois, and it was error to instruct upon the law without proof: 2 Kas., 222; 1 Greenl. Ev., § 489; 6 Kas., 455; 10 Kas., 487.

*N. C. McFarland,* for defendant:

1. The defenses of extension of time, usury, and *payment,* are not inconsistent with each other. They all *may* exist in a case. Nor do the cases cited by plaintiff's counsel (1 Kas. and 8 Kas.) decide to the contrary. But if it was error to refuse to grant the plaintiff's motion, it is not at all certain that it is such error as would require a reversal of the judg-

ment, the plaintiff not being prejudiced thereby. If there is sufficient evidence in the record to sustain any one of the defenses, the verdict and judgment must stand.

2. The evidence shows that the time of payment of the note was extended by the payee and principal, for a valid consideration, without the consent or knowledge of Augustine, the surety. Bearing in mind the rule so often laid down by this court, that it will not disturb the verdict unless it is clearly against the weight of the evidence, let us see what that evidence is: Rust, the principal, testifies that he was to pay 20 per cent. interest on the note; and that this was to be the rate on the new (or $200 note) is shown, because he repeats that he was to pay $40 a year interest. He says:

"I paid the interest sometimes a little *before*, sometimes after the same became due. After the note became due I paid in six months $40. I am quite positive I paid four-and-one-half years' interest. I think I paid Mrs. Shed in all $210. The note (first, or old note,) had run from the previous summer. *All* the amounts I paid were paid voluntarily as interest. I think I paid at one time $30. At the time I executed the new note I paid $10. I paid these amounts as interest."

The plaintiff in her testimony does not deny that the rate of interest agreed to be paid was 20 per cent., and this evidently was the rate on both notes. She does not deny that the sums named by Rust were paid. She does not deny that they were all paid as interest. She does not deny that the first note had run from the previous summer, and as the note sued on is dated May 8th 1855, it is not probable that the first note had run over one year. It would seem as if the $30 was paid on the old note, and as all that was paid was interest, it is fair to suppose that the $30 was the interest on the $150 note for one year; and if so, then the $10 paid at the time of the execution of the $200 note was interest paid in advance on that note. If the $30 was not paid on the old note then $40 was probably paid in advance on the $200 note. Rust says he "paid the interest sometimes a little *before*, sometimes a little after it was due." The plaintiff does

not deny this last statement. If interest was paid and received in advance for any period of time, by such action of the parties the payment of the note *was extended to that time.* The payment being as interest, the $200 could not be due till the time expired for which interest had been paid. It was in effect an agreement not to sue till then: 5 Kas., 483, 487; 10 N. H., 318; 11 N. H., 335; 15 N. H., 119; 30 Miss., 432; 37 Geo., 384; 27 Ill., 323; 26 Penn. St., 140; 14 Ohio, 348; 15 Ohio St., 57. The decisions cited by plaintiff in Maine and Massachusetts must give way to these authorities. Nor is the fact changed by the testimony of the plaintiff that she "never agreed to extend the time of payment." It is probable that she did not make what she called an "agreement." (13 Mass., 72.) Nevertheless, her negotiations with Rust amounted to such agreement. Whether she did make such agreement, is a conclusion which must be arrived at from what was said and done.

3. Nor does it make any difference whether the court charged correctly as to the law of the state of Illinois on the question of usury. If there is evidence in the record, under the law as laid down by this court as to the *weight* of evidence, to support the verdict under any one of the defenses, the court will not reverse the judgment for erroneous rulings of the court below on other issues. The jury could not have found under the evidence that the defense of *payment* was made out; nor could they have found, under the charge of the court, that the defense of *usury* was sufficiently made out. The court must therefore have found for the defendant on the defense of the *extension of time;* and their verdict on this defense cannot now be disturbed.

The opinion of the court was delivered by

BREWER, J.: This was an action in the district court, brought by plaintiff in error against Augustine, on a promissory note signed by him as surety. Plaintiff was the payee of the note. The answer, as it finally stood, contained three

**1. Separate defenses; pleading.** separate defenses: 1st, usury; 2d, payment; and 3d, an extension of time to the principal, whereby the surety was discharged. Plaintiff claimed that these defenses were inconsistent, and moved the court to require defendant to elect upon which he would stand. This motion the court overruled, and properly so. All three defenses might be true.. The contract might in its inception have been usurious, and to that extent have been modified thereby in accordance with the laws of the state where the contract was made. Extension of time might also, after the making of the usurious contract, have been given to the principal, whereby the surety would have been discharged from all liability thereon; and after such extension had released the surety, the principal might have paid the note, and thus destroyed all liability on the instrument. As all these defenses might in fact have existed, they were not inconsistent, and the motion was properly overruled.

No proof was made as to the laws of the of state of Illinois, the state in which this note was executed. Notwithstanding this omission the court charged the jury as to the effect of usury upon the contract, according to the laws of that state. This was manifest error. The courts of one state do not take judicial notice of the laws of another. They must be proved as other facts in the case. Counsel for defendant in error does not dispute this, but contends that under the evidence the jury could not have found against the plaintiff on the question of usury, but must have found against her on the question of extension of time to the principal, and that therefore the error is immaterial. We do not think this. is clear. There was no evidence upon the plea of payment; but there was evidence tending to show an agreement to pay and a payment of twenty per cent. interest, and a payment of interest at that rate for four-and-a-half years. The court charged the jury that ten per cent. was the extent of legal interest in Illinois, and that a party taking usurious

**2. Laws of foreign state must be proved.**

**3. Instructions erroneous where there is no proof.**

interest forfeited three times the amount of such interest, and could recover for the remainder of the note only. Upon this the jury might well have found for the defendant. True, this instruction seems to have been qualified by one given subsequently, which told the jury that usurious interest voluntarily paid could not be applied on the principal, but must be applied on "the interest accruing from the time of executing the said note at the rate of ten per cent. per annum." But the jury may have understood that the extra and usurious interest was to be carried forward and treated as an advance payment of subsequently-accruing legal interest, and, in addition, that the party forfeited three times the amount of such usurious interest. In this case three times the usurious interest upon the basis heretofore indicated would have exhausted the principal. We cannot say therefore that the error was immaterial. Indeed, it seems to us full as likely that the jury found for the defendant upon the question of usury, as upon the question of extension of time. The judgment must therefore be reversed, and the case remanded for another trial. In reference to the question of extension of time no objection is made to the instructions given, but it is insisted that the testimony fails to show any extension. We will not anticipate what may be shown on a subsequent trial, but would simply remark that, to make the proposed defense good in law, there must appear to have been a distinct agreement, without the consent of the surety, to give to the principal debtor an extension, and a valid consideration therefor, a consideration which must be other than the payment of interest at the rate and in the manner required by the original contract for the use of the money.

Judgment reversed.

All the Justices concurring.