SALATHIEL HODGIN AND J. F. HIMELWRIGHT V. M. K. BARTON.

1. JUDGMENT *Before a Justice of the Peace, When not Void.* Where the justice of the peace has jurisdiction of the subject-matter of the action, and of the persons of the parties, and the bill of particulars filed in the case is informal and defective, but contains sufficient allegations to challenge judicial examination, the judgment rendered is not absolutely void on the ground that the bill of particulars insufficiently states a cause of action.

2. PRACTICE; *Evidence; Error.* Where a plaintiff introduced the judgment rendered in a replevin action, before a justice of the peace, to prove ownership of a certain horse, and evidence was subsequently admitted showing an appeal was taken in the case, and on the hearing, the action was dismissed at the costs of the plaintiff, the court committed error in refusing to instruct the jury, at the instance of the defendant, that the appeal and dismissal operated in law to vacate and annul the judgment before the justice.

3. CONTINUANCE, *Costs of; No Error.* The defendant appealed from a judgment of a justice of the peace to the district court, and at the first term of the court after taking the appeal, made application for a continuance of the case over the term. *Held,* That the court committed no error in taxing the costs of the term to the defendant, on granting the continuance.

4. DISMISSAL OF ACTION, *Motion For, Overruled, Not Error.* An action for misconduct in office was originally commenced before a justice of the

peace; the defendant appeared and contested the case; judgment was rendered by the justice for the amount claimed; the defendant appealed to the district court, and upon his application, obtained a continuance of the case over another term. At the succeeding term of the court, he made a motion to dismiss the action because the justice before whom it was commenced had no jurisdiction. *Held*, Not error for the court to overrule the motion. The application to dismiss came too late. The district court having jurisdiction of the subject-matter, the case is properly triable in that court, by the appearance and acts of the parties.

### Error from Neosho District Court.

ACTION brought by *Barton* against *Hodgin* and another, to recover damages for the alleged wrongful taking and detention of a horse belonging to the plaintiff. Trial at the April Term, 1879, of the district court, and judgment for the plaintiff. The defendants bring the case here for review. The nature of the action, and the facts, fully appear in the opinion.

*L. Stillwell*, for plaintiffs in error.

*Hutchings & Denison*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On March 22d, 1878, one R. L. Huston filed a bill of particulars with J. F. Himelwright, a justice of the peace of Neosho county, in the following words:

"The said plaintiff claims a judgment against the defendants for the sum of $5, with interest from the 20th day of March, 1878, as evidenced by the following bill of damages, hereto attached and made a part of this petition. The said plaintiff states under oath that on or about the 20th day of March, 1878, one sorrel horse three years old, also one bay colt one year old, the property and in the charge of the said defendants, E. Barton and John Barton, did enter upon the premises of the plaintiff, and damaged him to the amount of $5, for which he asks judgment."

Summons was served upon E. Barton and John Barton, on March 23, 1878; and on March 27, 1878, the defendants filed the following answer: "We, the defendants in the case of Huston v. Bartons, do hereby enter a full denial against each

and every allegation in plaintiff's bill of particulars." Trial was had on March 27th, and judgment rendered against defendants for $1, and $14.30 costs. On April 9, 1878, the justice issued an execution upon the judgment, directed to Salathiel Hodgin, a constable specially appointed in the case. On the same day, the constable levied the execution upon a sorrel horse as the property of defendants, which was claimed by Mrs. M. K. Barton, the wife of E. Barton. On April 22, 1878, Mrs. Barton commenced, before L. Cone, another justice of the peace of Neosho county, her action to recover the possession of the horse from the constable. Trial was had on May 3, 1878, and judgment rendered in her favor for the property. On May 9, 1878, Salathiel Hodgin perfected an appeal, and on July 12, 1878, the case was called for trial in the district court of Neosho county. Mrs. Barton failed to appear, and the action was dismissed at her costs, taxed at $32. On July 13, 1878, a second execution was issued on the judgment of March 27, 1878, in the case of R. L. Huston v. E. and John Barton, by J. F. Himelwright, as justice of the peace, directed to Salathiel Hodgin. The constable again levied upon the sorrel horse claimed by Mrs. Barton, and took it into his possession. On August 6, 1878, Mrs. Barton commenced this action, before said L. Cone, against the special constable and the justice, to recover $86.15 damages, alleging that the defendants had wrongfully taken possession of the horse, and detained it twenty-eight days; that she was the owner thereof; and further alleging that the judgment of March 27, 1878, in favor of R. L. Huston against E. Barton and John Barton, was void. She recovered a judgment before the justice, and an appeal was taken to the district court of Neosho county. At the first term of that court, J. F. Himelwright filed an affidavit for a continuance, on account of sickness. The court granted the continuance, but taxed the costs of the term, $41, against the defendants. At the trial term, April, 1879, the defendants filed a motion to dismiss the action, for the reason that the justice of the peace before whom the action had been commenced had no juris-

diction of the subject-matter. The court overruled the motion. Trial was then had before the court with a jury. Judgment was rendered for plaintiff for one cent damages, and $173.40 costs. The defendants excepted, and bring the case here.

Upon the trial, and especially in the instructions, the judgment of March 27th, 1878, in Huston v. Barton, figured conspicuously. The court charged the jury that the judgment was void, and that no valid execution could issue thereon. This was erroneous. The theory of this ruling seems to have been, that the bill of particulars filed with J. F. Himelwright, on March 22d, 1878, did not state facts to constitute any cause of action, because it did not allege that a herd law was in force in Neosho county, or that the plaintiff's premises were inclosed with a lawful fence. Granting that the bill of particulars in the justice's court was defective, yet as the justice had jurisdiction of the subject-matter of the action and of the persons of the parties, and as the bill of particulars contained sufficient matter to challenge judicial examination, jurisdiction was not wanting. The judgment, at most, was erroneous—not void. (*Burke v. Wheat,* 22 Kas. 722, 724; *Bryan v. Bauder,* ante, pp. 95, 97.)

Again, on the trial, the plaintiff introduced the record of the replevin action against Salathiel Hodgin before L. Cone, justice of the peace, over defendants' objections. As that case had been appealed, and the case dismissed at plaintiff's costs, the testimony was immaterial, and only tended to confuse the jury; it ought not to have been received. After being received, upon the production of the entire record the evidence concerning that suit should have been withdrawn from the jury, as defendants requested. This was not done.

The counsel for plaintiffs contends, that even conceding the errors of the trial court, no prejudice resulted to defendants, as the jury returned in their special findings, that the plaintiff was the owner of the horse. The rule is, that where the jury may have been misled by erroneous instructions and may have based their verdict upon them, it is the duty of

this court to reverse the judgment, even though there are other matters upon which the jury might properly have returned the same verdict. Further, it is quite evident from a perusal of the record that the finding of ownership by the jury was largely induced by the erroneous instructions. (*Shed v. Augustine*, 14 Kas. 282.) Not only were the instructions concerning the Huston judgment misleading, but the manner in which the court treated the replevin suit was likewise prejudicial.

As to the points raised by counsel of defendants concerning the taxation of costs upon the continuance at the November term of court for 1878, and the refusal of the court at the April term for 1879 to sustain the motion to dismiss the action, we perceive no error in the rulings. The court had the power to tax the costs to the party applying for the continuance; (§ 316 of the Code.) As to the question of jurisdiction, the appeal and appearance for all purposes in the district court conferred upon that court jurisdiction. (*Reedy v. Gift*, 2 Kas. 392; *Jones v. School District No. 47*, 8 Kas. 362; *Shuster v. Finan*, 19 Kas. 114; *Miller v. Bogart*, 19 Kas. 117; *Wood v. O'Ferrald*, 19 Ohio St. 427; *Herrington v. Heath*, 15 Ohio, 483.)

Other errors are alleged, but we think sufficient has already been said concerning the important and material questions involved; but we do not wish by silence to approve of much of the evidence which was permitted to creep into the case against objections.

This case, and the original case of Huston v. Barton, very forcibly illustrate the unprofitableness of litigation over trifling matters, and the urgent duty of conscientious counsel to advise clients against rushing into the courts to collect or contest insignificant claims. In the first case, the damage was one dollar, and costs have accrued in that case, and the replevin suit growing out of it, of upward $70. In this case, the damage was only one cent, yet costs have accumulated to the amount of $200 and over, and these may be doubled, if the litigation is continued with the spirit which

has thus far characterized it. While the struggle of a suitor for his legal rights, even at a pecuniary sacrifice, is often highly commendable as a duty he owes to himself and society, (for manly resistance to wrong and injustice is worthy of commendation,) yet when a legal contest is simply carried on from a miserable mania for litigation, out of pure love of wrangling, or from an irresistible desire to inflict pain and trouble on an opponent, the action of the suitor is more censurable than praiseworthy.

The judgment of the district court will be reversed, and the cause remanded for a new trial.

All the Justices concurring.