[No. 8,167.—Department Two.]
October 30, 1882.

## REBECCA J. MARSTERS *v.* D. N. LASH.

PRESUMPTION AS TO LAW OF FOREIGN STATE.—In the absence of proof of the law of a foreign State, the presumption is that such law is the same as the law of this State, and not that it is the same as the common law.

THE FINDINGS MUST COVER THE ISSUES.—On the issues joined by the plead-
ings, as to the title to each part of the property sued for, there should
be clear and distinct findings of the ultimate facts on which the title or
claim of title of each party to such property and each part thereof is
vested; otherwise the judgment will be reversed for want of findings.

EVASIVE DENIAL IN PLEADINGS.—A denial of the value of property sued for
in the terms of the allegation is evasive, and in fact no denial at all.

GENERAL AND SPECIFIC DENIALS.—In a case where a general denial may be
interposed, if the pleader does not plead it, but resorts to specific de-
nials, such specific denials must be actual denials, and not evasive.

EXCEPTIONS TO THE RULINGS OF THE TRIAL COURT AS TO ADMISSION OF
EVIDENCE.—Alleged errors in the rulings of the Court below, as to the
admissibility of evidence, can not be considered on appeal if no excep-
tions were reserved to such rulings.

APPEAL by plaintiff from a judgment of the Superior
Court of the County of Siskiyou, and from an order denying
a motion for new trial. STEELE, J.

Action to recover specific personal property or its value and
damages for the detention.    The facts are stated in the opin-
ion of the Court.

*H. B. Warren, Calvin Edgerton,* and *Henry Edgerton,* for
Appellant.

*H. B. Gillis* and *A. M. Rosborouyh,* for Respondent.

THORNTON, J.:

This action was brought to recover of defendant certain
personal property, consisting of sixteen head of horses,
twenty-two head of cattle, and a wagon, averred to be the
property of the plaintiff, and to be detained from her by de-
fendant.    The cause was tried by the Court without a jury,
and judgment was rendered for defendant.    Appeal was taken
by plaintiff from the judgment and an order denying her mo-
tion for a new trial.

Issue is joined by the pleadings on the title to the property
sued for and each part thereof.    The findings do not pass on
all such issues.    There should be a clear and distinct finding
of the ultimate facts on which the title, or claim of title, of
each party to such property, and each portion of it, is rested.
In failing so to find, the Court erred, and for this the judg-
ment and order must be reversed.

The Court further erred, in holding that there was any denial of the allegations as to the value of the property sued for. There were several allegations of this character. As an instance—in averring the value of the horses, which are stated to consist of four American brood mares, one black or brown horse, etc.; the value of the brood mares is alleged to be four hundred and fifty dollars, of the black or brown horse one hundred and twenty-five dollars. These allegations are denied in this mode: "Denies that said four American brood mares are of the value of four hundred and fifty dollars, and denies that said black or brown horse is of the value of one hundred and twenty-five dollars." Such denials are evasive, and in fact no denials at all. The Court seemed to have placed its ruling on the ground, that the complaint was not verified. Conceding this to be so, we find no general denial of the allegations of value. If no general denial is made, and specific denials are resorted to (as seems to have been done in this cause), there must be an actual denial, and not one in form and substance evasive.

The Court ruled as a conclusion of law that the laws of Indiana and Minnesota in relation to the property rights of husband and wife must be presumed to be the common law, there being no proof of what such laws were. Such ruling is contrary to the decisions in this State, which hold that in the absence of proof it should be presumed that such law is the same as the law of our own State. (*Norris* v. *Harris*, 15 Cal. 253; *Hickman* v. *Alpaugh*, 21 id. 225; *Hill* v. *Grigsby*, 32 id. 60.) A question arose in *Smoot* v. *Russell*, 1 Mart. (N. S.) 523, whether an instrument executed in Alabama was a mortgage or a sale. On this point the Court said: "The law of Alabama has not been proved, and conformably to the uniform decisions of this Court, we must decide this case by the provisions of our own." And in *Allen* v. *Watson*, 2 Hill, (S. C.) 319, the Court, speaking of the law of Georgia, invoked in a case before them, said that if they were obliged to determine the question before them, "in utter ignorance of what the law of Georgia is, we must resolve it by our own rule, for the obvious reason that we have no other." (See also *Monroe* v. *Douglass*, 5 N. Y. 452.) Such presumption is indulged for the reason that there being no proof of the law of

the foreign forum, of necessity the Court must resort to the law it is engaged in administering, as furnishing the rule for its guidance.

Some points are made as to the admissibility of the testimony of Hoyt, Bagley, and Orr; but as no exceptions were reserved to the rulings of the Court admitting the testimony, they can not, as has been frequently held, be considered in this Court.

Judgment and order reversed, and cause remanded for a new trial.

SHARPSTEIN, J., and MORRISON, C. J., concurred.