[No. 12023.   Department Two. — December 13, 1889.

DAMERON J. McRAVEN ET AL., RESPONDENTS, v.
JAMES P. DAMERON, APPELLANT.

ATTORNEY AND CLIENT — MONEY HAD AND RECEIVED — CONTRACT — PLEAD-
ING — SPECIAL DEMURRER — FINDING. — In an action to recover money
received by the defendant while acting as attorney for plaintiffs under a
certain contract between himself and plaintiffs, a complaint which shows
that the defendant was the attorney for plaintiffs in certain litigation,
and that he received as fruit thereof certain money which he failed to
deliver or account for to the plaintiffs, states the contract sufficiently,
in the absence of a special demurrer, and a finding as to the terms of the
contract is within the issues tendered by the pleadings.

ID. — COMPENSATION OF ATTORNEY — SHARING IN LAND — COMPROMISE FOR
MONEY — ACCOUNTING. — An attorney who undertakes to and does
prosecute actions for the recovery of land at his own expense in consid-
eration of one half of whatever interest in the land he may recover, and
who fails to recover the land, and dismisses the action upon a compromise
for money, is accountable to his client for money received as the result
of the stipulations made by him in the litigation, and cannot deduct
expenses from the client's share of money received.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and from an order
denying a new trial. .

The facts are stated in the opinion.

*James P. Dameron, in pro. per.,* and *Aylett R. Cotton,* for
Appellant.

*William W. Porter,* and *William Matthews,* for Re-
spondents.

GIBSON, C.—Suit against defendant for an accounting
of money received by him as an attorney for plaintiffs,
and to recover the same.   Judgment passed for plaintiffs,
from which, and an order denying a new trial, defend-
ant appeals.

The plaintiffs alleged, in substance, in their com-
plaint, that the defendant, as their attorney, prosecuted
two actions in two of the late district courts in and

for the city and county of San Francisco for the recovery of a one-fifth interest in certain real estate situated in said city and county. The first was against one John Norton and about 203 others, and the second was against one David Worcester and others; that the plaintiffs were the same in both actions, and substantially so in the present suit; that during the pendency of said actions the defendant, as the attorney of the plaintiffs in this suit, and without their authority, in consideration of certain sums of money paid to him as such attorney by said defendants, made dismissals of said actions as to a large number of them; that plaintiffs, who reside in Mississippi, upon information and belief, allege that defendant, as their attorney, received about the sum of eight thousand dollars on account of said dismissals; that although often requested so to do, he has never paid the same to any of them, except the sum of fifty dollars, nor rendered any account of the amounts received by him for such dismissals; that the said acts of defendant were fraudulent, and that plaintiffs were not informed of them or of the receipt of said money by him until within two years before the commencement of this action.

Defendant answered by denying each and every allegation in the complaint, and admitted that he was the attorney for the plaintiffs, as alleged in their complaint, and averred that the actions were tried as alleged, and in one of said actions judgment was rendered against the plaintiffs regarding the premises sought to be recovered, and that the defendants recovered of them their (defendants') costs and disbursements, amounting to six hundred dollars in gold coin; that upon an appeal from said judgment to the supreme court of the state, it was affirmed. Defendant also admitted that he dismissed one of the actions, as to divers of the defendants therein, deeming it for the best interests of said plaintiffs so to do, and that he received from such defendants certain sums of money, amounting to about four thousand dollars, which

amount he avers he placed to the payment of costs of said suit, and that the said suits were expensive, and that he paid out for the cost thereof over seven thousand three hundred dollars, and that not less than three thousand three hundred dollars remains due on account thereof from defendants to him, no part of which has been paid; and further avers that his professional services rendered in said actions were worth the sum of five thousand dollars, and that he has received no compensation whatever for them; that plaintiffs were well aware of all these facts, as he, the defendant, had rendered them a statement of the same; and that more than two years had elapsed since he received any money, and all claims and demands, if any ever did exist, were barred by the provisions of sections 338 and 339 of the Code of Civil Procedure.

Subsequently, by a supplemental answer, defendant averred that since the commencement of this action four of the plaintiffs, viz., W. J., M. B., and R. D. McRaven, and Emma D. Collins, died intestate, without issue, and left surviving them their brothers, D. J. and G. H. McRaven, as sole heirs of the said decedents; that after the death of all of the said decedents, he obtained, for a valuable consideration, from the said D. J. and G. H. McRaven, a release of all demands they then had against the defendant, as well as all demands on account of the interest in the estate of said decedents inherited by them; and that the said D. J. and G. H. McRaven, in and by the same writing, consented and agreed to the dismissal of the said action so far as it concerned their interest, including that inherited by them from said decedents; and further, that as to said decedents said suit should be dismissed.

The cause was referred to S. W. Holladay, Esq., who found and reported that the defendant, an attorney of this court, discovered and brought to the knowledge of the plaintiffs, who were residents of Mississippi, their sup-

posed interests in a certain tract of land in San Fran-
cisco, descended to them as heirs of one W. B. Dameron,
deceased, who, at the time of his demise, was the owner
of a certain undivided interest in the land referred to;
that defendant believed and represented to plaintiffs
that their recoverable interests in the land were worth
at least one million dollars; that defendant prosecuted
the suits mentioned in the complaint "under his promise,
made to his said clients, in which they acquiesced, that
he would, as their attorney, commence, conduct, and
manage the necessary suits and litigation to recover their
rights in the property, and that he would pay all ex-
penses without recourse to them, and that for his services
and expenditures he should have one half the land and
divide the property recovered; those terms were fair and
reasonable"; that he commenced and conducted said suits
to the best of his ability and judgment, and on or before
October 10, 1877, he stipulated with about seventy of
the defendants in said suits, claimants of parcels of the
property therein in litigation, that they should have
judgments against the plaintiffs therefor, upon which
judgments were accordingly entered, he receiving there-
for $4,008, which he appropriated to his own use, except
$50 paid to plaintiffs; that he made the said stipulations
and dismissals solely on his own responsibility and voli-
tion, not fraudulently, but in the proper exercise of his
discretion as attorney and sole representative here of
the plaintiffs, his clients, who were all in Mississippi,
the state of their residence, but without their knowledge
or special consent; that "defendent never informed
plaintiffs, and they did not know either of the stipula-
tions or of the respective amounts so received by him,
nor of the total sum received by him on account of said
dismissals or stipulations for judgment against his clients
in said suits, or either of them; nor has he disclosed the
same at the present trial; said stipulations are all silent
as to the sum paid on them, or any of them"; that the

only account or statement defendant ever rendered plaintiffs was that he had paid out $7,000 for expenses and had received $4,008 on account of said suits, which statement was not made until about October 10, 1877; that D. J. McRaven released all of his demands against defendant, as alleged in the latter's supplemental answer, but that G. H. McRaven made no release; that said released interest was one eighth of the whole interest in this suit, and is without prejudice to whatever right or claim said D. J. may have, by succession as heir or otherwise, to the estate of his deceased co-plaintiffs, who died without issue since the commencement of this suit, viz., W. J., M. B., and R. D. McRaven and Emma D. Collins; that one W. W. Porter, the administrator of the estates of all of said decedents except R. D. McRaven, was regularly substituted as plaintiff herein in place of his intestates, and that there is no personal representative yet appointed of said R. D. McRaven, deceased; that of the $4,008 received, one half, $2,004, should be allowed for defendant's compensation, and $50 paid plaintiffs deducted, leaving $1,954 due plaintiffs, with interest thereon from November 10, 1877, to November 16, 1885, — $1,107.90, — aggregating $3,061.90. From this last sum the one-eighth interest of D. J. McRaven, which he released to defendant November 16, 1885, should be deducted, leaving a remainder of $2,679.17, to which is added the interest thereon from November 16, 1885, to August 16, 1886, — $140.65, — making a total of $2,819.82 due to the plaintiffs other than said D. J. McRaven. From this total the sum of $352.48 should be deducted, it being the share that R. D. McRaven, one of the deceased plaintiffs, unrepresented, would have been entitled to; said deduction being made without prejudice to the rights of his heirs or legal representatives, and in accordance therewith. That at the trial it was expressly stipulated that the statute of limitations had no application in the suit.

Upon this report, and in accordance with it, the court entered judgment for the plaintiffs.

The defendant preserved, in a bill of exceptions, his exceptions to the ruling of the court denying him a trial by jury, and referring the cause to a referee, but must have properly concluded that his exceptions were not well founded, as they are not urged upon this appeal.

The principal point urged upon this appeal is, that the findings are not sustained by the evidence, and that the findings that are within the issues are not sufficient to sustain the judgment.

This suit, as we have seen, is to recover money received by the defendant while acting in a fiduciary capacity, under a certain contract between himself and plaintiffs; and the findings complained of as not being within the issues relate to this contract.

We think that the findings are within the issues tendered by the pleadings. The complaint may not be as specific with regard to the contract as it might be, but as there is sufficient in the complaint from which it may be gathered, in the absence of a special demurrer on the ground of any defect in the statement regarding the contract, it is sufficient according to a number of decisions of this court.

The complaint shows that defendant was the attorney for plaintiffs in certain litigation, and that he received as the fruit thereof certain money which he failed to deliver or account for to the plaintiffs.

This we think is a sufficient statement of the contract under the above rule. A statement of the contract under which the defendant received the money claimed by plaintiffs was plainly necessary to enable the court to ascertain the amount of money received for and how much there might be due the plaintiffs; it was therefore necessary for the referee to find upon it.

Regarding the sufficiency of the evidence to sustain

the findings, we think the evidence, in connection with the admission of the defendant in his answer, viz., that he, while acting as the attorney for plaintiffs, as alleged in their complaint, received certain sums as the result of the litigation, amounting to $4,008, is amply sufficient to sustain the findings; and as the evidence consists wholly of the testimony of the defendant himself and certain documentary evidence, no good purpose would be subserved by setting it forth.

One of the arguments of the defendant as to his liability seems to be, that even if he did undertake to and did prosecute the actions mentioned in the pleadings for and on behalf of the plaintiffs herein, at his own expense, in consideration of receiving one half of whatever interest in the land he might recover, that as he failed to recover any interest in the land there was nothing for him to divide with his clients, and that he was not accountable to them for any money received as the result of certain stipulations made by him in the said litigation.

It is almost needless to say anything in disposing of this argument in addition to the statement of it, but we will add that such fine distinctions between what may be the fruit of a litigation when prosecuted to a final determination, and what may be realized by the exercise of the best judgment of an attorney in the way of a compromise, have never obtained anywhere so far as we are advised, and probably never will.

There are some other points stated, but not argued, and as we discover no prejudicial error in the record, we advise that the judgment and order be affirmed.

Hayne, C., and Belcher, C. C., concurred.

The Court.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.