## P. M. WOOD v. C. P. WOOD et al.

1. JUSTICE OF THE PEACE—*Jurisdiction*—*Objections Too Late.* In an action commenced and tried before a justice of the peace, then appealed and tried in the district court, it is too late to raise a question of jurisdiction in this court, based upon a construction of the pleadings different from that on which the case was tried in the courts below.

2. ———— *Taking Books to Jury-Room.* Whether the jury should be allowed to take to their room when they retire for consultation the account-books of a partnership, is a question resting largely in the discretion of the trial court, and to reverse a judgment for that reason it must affirmatively appear that such discretion has been abused.

*Error from Atchison District Court.*

SUIT on a promissory note. Judgment for defendants, C. P. Wood and another, at the January term, 1889. The plaintiff, P. M. Wood, brings error.

W. D. Webb, Grant W. Harrington, and A. F. Martin, for plaintiff in error.

B. F. Hudson, for defendants in error.

Opinion by SIMPSON, C.: P. M. Wood and C. P. Wood entered into a partnership in April, 1886, for the purpose of conducting a second-hand store in the city of Atchison, each of the partners contributing the sum of $500 as capital. C. P. Wood, for the purpose of contributing his share of the capital, and for other purposes, borrowed the sum of $800 from P. M. Wood, and for this sum executed his note, payable in one year, securing the same by mortgage on a house and lot in Atchison. When the note for $800 became due, the partnership accounts for the year were settled, and it was found that there was due C. P. Wood a sum that reduced the note to $209.50. For this amount C. P. Wood and his wife, Mary A. Wood, executed their note, due in one year, with interest at 10 per cent., and P. M. Wood released the mortgage. By agreement, on the 20th of April, 1887, the partnership was

continued for another year, but on the 4th day of October, 1887, they sold out their stock, notes, mortgages and business to Wm. Vance, each receiving therefor the sum of $600. After said note for $209.50 became due, P. M. Wood brought suit thereon before a justice of the peace, in the city of Atchison, filing a bill of particulars, alleging the execution of the note, and praying judgment for the amount of the note, with interest and costs.   C. P. Wood and wife filed an answer, denying all the allegations of the bill of particulars, except that of the execution of the note.   They also pleaded want of consideration; they pleaded fraud and misrepresentation on the part of the plaintiff in obtaining said note; and by way of counterclaim or set-off they alleged a partnership between the parties, and that there were profits enough due C. P. Wood to cover the amount due on the note.   To this P. M. Wood pleaded settlement of the partnership account for the first year of the partnership business, and the execution of said note for balance due on an account stated.

The case was tried in justice's court, appealed to the district court and tried by a jury, resulting in a verdict and judgment for C. P. Wood for $154.67 and costs.   P. M. Wood brings the case here for review, claiming that there are errors appearing on the record for which the judgment below ought to be reversed.

It is said in the brief and oral argument of counsel for plaintiff in error, that the main question is, did the justice of the peace have any jurisdiction to hear and determine the matters contained in defendant's set-off and counterclaim?   This question appears to be raised for the first time in this court. We do not find that either before the justice of the peace or in the district court any distinct objection to the jurisdiction of the justice to try the issues raised by the pleadings was ever made.   Nor do we understand that the bill of particulars of the defendant in error filed in the justice's court called for what is technically known as an accounting.   This was not the object of the action.   The suit was brought on a promissory note.   One of the defenses was that the maker and payee

were partners in business, and that there was due the maker from the payee on settlement a sum more than sufficient to pay the note. Another one of the defenses was that the plaintiff in error had taken property belonging to the firm of the value of $200 or more, and had not accounted for it. The thought that the defenses prayed for an accounting seems not to have occurred to counsel for plaintiff in error until after judgment had been rendered against him in the district court. He replied to the defenses set up in the defendant's bill of particulars and made no attack upon them. It is too late to raise the question of jurisdiction now. (*Hodgin v. Barton*, 23 Kas. 740.)

Complaint is made that the partnership books were admitted in evidence, for the reason that "there was no pretense that the books contained any matter relative to the case except partnership accounts of the parties, and the jury could not take the place of a court of equity." We fail to find any such objection in the record. Counsel for plaintiff in error call our attention in their brief to pages 11 and 43, but no such objection is found at these pages. Objections are found in both pages to the introduction of the partnership books on the ground that they are "incompetent, irrelevant, and immaterial, no proper foundation laid for their introduction, and not sufficiently proven." This is a very different objection to that stated in the brief. It may be that the objection stated in the brief might be considered an attack on the jurisdiction of the court, on the theory that the defenses pleaded would call for an accounting. It was proven that the entries in the books were in the handwriting of the plaintiff in error, and these were surely admissible under any view that could be taken. We do not believe, under all the circumstances, that the ruling of the court below, as to the admission of the books, is material error. We fail to find any objection recorded to what counsel call the statement of the attorney for the defendant in error as to what the books contained. What he did do was to call the attention of the jury to certain items in an account about which cluster these contentions, but, as we state, there

are no objections noted. The trial court permitted the jury to take the account-books to the jury-room while considering their verdict. This is within the discretion of the trial court, (*Thompson v. McEwen*, 24 Kas. 757,) and there is no showing by the plaintiff in error, or no implication arising from the record, that this discretion was abused, while every presumption is that it was not.

Finally, it is claimed that the third, fifth and sixth paragraphs of the instructions are prejudicial errors. The concluding words of the third paragraph are "or that the defendant's share of the profits of the partnership business, after deducting all expenses of the partnership, were sufficient or more than sufficient to pay off and discharge said note." The partnership had been dissolved for some time before this action was commenced; a settlement had been made before this action was commenced, and the defendants in error claim that in the settlement made the plaintiff in error had not given credit to his partner for certain goods that he had taken out of the stock and appropriated to his own personal benefit, and this and other things pleaded would amount to more than sufficient to discharge the note. The plaintiff in error is still insisting that the defense was really a cross-action for an accounting. The fifth paragraph covers substantially the same ground, and so does the sixth. The jurisdictional question, as well as the contentions about the instructions, are the aftermath of a lawsuit.

We find no material error among the assignments, and recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.