[No. 13836.   Department Two. — February 3, 1892.]

ELIZABETH H. MORTIMER, RESPONDENT, *v.* JOHN MARDER ET AL., APPELLANTS.

TROVER — EVIDENCE — VALUE OF SECOND-HAND PROPERTY CONVERTED — SUPPORT OF VERDICT. — In an action to recover damages for the wrongful conversion of personal property, where the evidence showed that the property was second-hand and had no market value, and the testimony on behalf of the plaintiff, which was not objected to, showed when the property was purchased by the plaintiff, and what it then cost her, how it had been used, its condition and depreciation, and its value at the date of the wrongful conversion, a verdict for the plaintiff assessing the damages at the valuation given is sufficiently supported by the evidence.

ID. — SEPARATE PROPERTY OF WIFE — PRESUMPTION — SUFFICIENCY OF PROOF. — Although, ordinarily, property purchased by one spouse after

marriage is presumed to belong to the community, and satisfactory proof to the contrary is required to rebut such presumption, yet where the plaintiff and her husband, in an action for the conversion of goods, both testify that the property converted was her separate property, purchased with her money, no objection being offered thereto by the defendant, a verdict of the jury that the property was her separate property is sustained by the evidence.

ID. — LAW OF FOREIGN STATE — PRESUMPTION. — In the absence of evidence as to the law of another state, in which the property of the wife was acquired, it will be presumed to be the same as the law of this state.

ID. — REDUCTION OF VERDICT — TIME SPENT IN PURSUIT OF PROPERTY — EVIDENCE RENDERED IMMATERIAL. — Where the plaintiff sought to recover damages for time spent in pursuit of the property, in addition to the value of the property converted, and the trial court, with the consent of the plaintiff, reduced the verdict of the jury to the actual value of the property, the admission of evidence as to the value of the plaintiff's time spent in pursuit of the property, even if error, is not prejudicial.

ID. — EVIDENCE OF PARTNERSHIP — CERTIFICATE — CERTIFIED COPY. — In an action of trover against a partnership, a certified copy of the certificate of partnership which tends to show that some of the defendants are members of the firm is competent evidence to prove the partnership, where there is nothing to show that any new certificate has been filed.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*E. L. Campbell,* and *Campbell & Wright,* for Appellants.

The plaintiff produced no evidence of the value of the goods. The measure of damages in such cases is the value of the goods at the time and place of conversion, and interest and fair compensation for time and expense of pursuit. (Civ. Code, sec. 3336; *Hamer* v. *Hathaway,* 33 Cal. 120.) Evidence of prior market value is inadmissible. (*Hawley* v. *Brumagim,* 33 Cal. 398.) Evidence of value at any other time is inadmissible. (*Tulley* v. *Tranor,* 53 Cal. 281.) The goods attached were community property. Property acquired after marriage by either party is presumed to be community property, and the burden of proving that it is not so is on the party claiming it as separate. (*Moore* v. *Jones,* 63 Cal. 12;

*Wedel* v. *Herman*, 59 Cal. 507; *Tolman* v. *Smith*, 85 Cal. 280; *Rose* v. *Houston*, 11 Tex. 326; 62 Am. Dec. 478; *Hamilton* v. *Brooks*, 51 Tex. 142; *Chapman* v. *Allen*, 15 Tex. 284.) And the evidence to overcome the presumption must be clear and satisfactory. (*Meyer* v. *Kinzer*, 12 Cal. 247; 73 Am. Dec. 538; *Ramsdell* v. *Fuller*, 28 Cal. 42; 87 Am. Dec. 103; *Morgan* v. *Lones*, 78 Cal. 62; *Chapman* v. *Allen*, 15 Tex. 284; *Gilliard* v. *Chessney*, 13 Tex. 337; *Edrington* v. *Mayfield*, 5 Tex. 363.) Profits on the investments of a wife's separate property, where the husband expends his skill and labor upon it, are community property, and subject to the husband's debts. (*Claflin* v. *Pfeiffer*, 76 Tex. 472; *Cleveland* v. *Cole*, 65 Tex. 404; *National Bank* v. *Sprague*, 20 N. J. Eq. 24; *Wilson* v. *Loomis*, 55 Ill. 352; *Wortman* v. *Price*, 47 Ill. 22; *Elijah* v. *Taylor*, 37 Ill. 249; *Glidden* v. *Taylor*, 16 Ohio St. 509; 91 Am. Dec. 98; *Epperson* v. *Jones*, 65 Tex. 425; *Smith* v. *Bailey*, 66 Tex. 553; *Middlebrook* v. *Zapp*, 73 Tex. 29; *Lewis* v. *Lewis*, 18 Cal. 654; *Oxnard* v. *Swanton*, 39 Me. 125; *U. T. Co.* v. *Fisher*, 25 Fed. Rep. 178; *Quidort's Adm'r* v. *Pergeaux*, 18 N. J. Eq. 472.) Dividends earned by separate and community property, it not appearing in what proportion, must be considered as belonging to the community property. (*Estate of Bauer*, 79 Cal. 304; *Meyer* v. *Kinzer*, 12 Cal. 251; 73 Am. Dec. 538; *Smith* v. *Smith*, 12 Cal. 217; 73 Am. Dec. 533.) The plaintiff's claim that the property attached was her separate property must be denied on the ground that she acquired the property in England, brought it to Nebraska, and handed it to her husband. In such cases, the tenure by which personal property is held depends upon the law of the state or country where acquired. (*Kraemer* v. *Kraemer*, 52 Cal. 302.) It will be presumed that the common law prevails in such other state or country, unless the contrary is pleaded and proved. (*Norris* v. *Harris*, 15 Cal. 252.) But at common law the personal property of the wife became the absolute property of the husband the moment it was received by the wife. (*Commonwealth* v. *Manley*, 12 Pick. 175; *Jordan* v. *Jordan*, 52 Me. 320; *Ladd* v. *Pren-*

*tice,* 14 Conn. 110; 1 Bishop on Married Women, sec. 64.) Consequently, the money with which the attached property is claimed to have been purchased became the property of her husband before they came to California or Oregon, and their coming to these states did not alter nor affect that fact; nor is it affected by any failure of the husband to assert his claim. (*Cressey* v. *Tatom,* 9 Or. 542.) The court erred in permitting the plaintiff to testify to the value of her time while engaged in pursuit of the goods attached. (*Fairbanks* v. *Williams,* 58 Cal. 241; *Arzaga* v. *Villalba,* 85 Cal. 195.) The court erred in admitting in evidence the certificate of partnership, as the certificate shows the members to be different from that alleged in the complaint. It will not be presumed that the partnership continued to exist as stated in the certificate. (Code Civ. Proc., sec. 1963, subd. 32; *Scott* v. *Wood,* 81 Cal. 398.) Transactions between husband and wife to the prejudice of creditors are to be closely scanned, and their *bona fides* must be clearly established. (Wait on Fraudulent Conveyances, sec. 300.)

*E. W. McGraw,* for Respondent.

The property was the wife's separate estate. (*Lewis* v. *Johns,* 24 Cal. 99; 85 Am. Dec. 49; *Lewis* v. *Johns,* 34 Cal. 633; *In re Bauer,* 79 Cal. 310; *George* v. *Ransom,* 15 Cal. 322; 76 Am. Dec. 490; *Ingersoll* v. *Trueworthy,* 40 Cal. 603; *Hutchinson* v. *Hutchinson,* 59 Cal. 313; *Moore* v. *Jones,* 63 Cal. 12.) The statutory laws of other states will be presumed to be the law of this state. (*Hickman* v. *Alpaugh,* 21 Cal. 225; *Hill* v. *Grigsby,* 32 Cal. 55; *Marsters* v. *Lash,* 61 Cal. 623; *Lux* v. *Haggin,* 69 Cal. 381; *Shumway* v. *Leakey,* 67 Cal. 458; *Taylor* v. *Shew,* 39 Cal. 536; 2 Am. Rep. 478; *Brown* v. *S. F. Gaslight Co.,* 58 Cal. 426.) The testimony as to the value of the goods was admitted without objection. There was no market at the place of conversion for the class of goods converted, so that the proof of value was not only competent, but the best proof. (*Jones* v. *Morgan,* 90 N. Y. 4; 43 Am. Rep. 131; *Gatling* v. *Newell,* 9 Ind. 582; *Suttle* v. *Falls,* 98 N. C. 393; 2 Am. St. Rep. 338.)

Foote, C. — This action was brought to recover of the defendants damages for their having caused the personal property of the plaintiff to be seized in attachment in an action in the state of Oregon, brought against the plaintiff's husband, J. D. Mortimer, by the defendants, and for their having caused the same to be sold under execution, bought in by a third party, and wholly lost to the plaintiff, and thereby converted wrongfully to the use of defendants.

It is alleged that the value of the property thus converted was two thousand dollars, and that the plaintiff spent three months of time and five hundred dollars in pursuit of the property.

Judgment was prayed for two thousand dollars, and interest from the date of the alleged conversion, April 8, 1884, and for the further sum of one thousand dollars and costs.

The cause was tried before a jury, who rendered a verdict in favor of the plaintiff for the sum of $2,612.50, upon which judgment was duly given and made. A motion for a new trial being made, the trial court was of opinion that the verdict was excessive, and that the same should be reduced to the sum of two thousand dollars, and accordingly directed that unless the plaintiff remitted the excess, a new trial should be granted.

The plaintiff entered an acceptance of the reduction thus ordered, and thereupon the motion for a new trial was denied. From the judgment above adverted to, and the order refusing a new trial, this appeal is taken.

One point which appears to be insisted on by the defendants for a reversal of the judgment and order is, that there is no proper legal evidence to sustain the verdict. They seem to rest this assumption upon the idea that the evidence shows, — 1. That there was no value whatever of the converted property proven on the trial; 2. That the property was community property; 3. If not, that it was partnership property; 4. That the goods levied on were purchased with money which was community or partnership property.

As to the evidence given in relation to the value of the property, it is to be said that it was shown that it had no market value; that it was second-hand property, and had been lost by the conversion of the defendants, which being so, and no objection being offered to the introduction of the further evidence which tended to show when the plaintiff purchased the property, what it then cost her in the market, how it had been used, and what its condition was, and what the depreciation was, if any, both the plaintiff and her husband testifying that the property seized was worth at least two thousand dollars, and that it was her separate property, purchased with her separate moneys,—it would seem that the evidence of value, unobjected to by the defendants, was a proper basis on which the jury might legitimately fix the value of the same in rendering their verdict.

As remarked in *Jones* v. *Morgan*, 90 N. Y. 10, 43 Am. Rep. 131, under a similar state of facts: "It was incumbent upon the plaintiff to make the best proof she could. . . . . There seems to have been no other feasible way to ascertain the value."

The plaintiff and her husband both testified, as heretofore stated, that the property seized was her separate property, purchased with her money. If the jury believed them, as was their right, we do not perceive that it can be said that it was community or partnership property, notwithstanding that ordinarily, where property is purchased at the time this was, and after the marriage of the parties, it would be presumed to belong to the community, and would require satisfactory proof to the contrary to rebut that presumption. (*Moore* v. *Jones*, 63 Cal. 14, 15.)

The contention is also made, that as the money originally was given the plaintiff in England, and then was invested in Nebraska, and from there taken to Oregon and invested in the property involved here, that the law of California, where the action is brought, as to community property, should not prevail, but that of the common

law, although there is no evidence in the case as to what the law of the foreign state is.

This position, being in direct conflict with the decisions in this state, need not be further considered. (*Hickman* v. *Alpaugh*, 21 Cal. 226; *Hill* v. *Grisgby*, 32 Cal. 60; *Marsters* v. *Lash*, 61 Cal. 624; *Shumway* v. *Leakey*, 67 Cal. 460.)

It is said by the appellants that evidence was inadmissible to prove the value per week of the plaintiff's time while pursuing the property. But the court below reduced the verdict to the actual value of the property as testified to by the plaintiff, and there could be no prejudicial error, therefore, even if it be conceded, though not decided, that this evidence was inadmissible, and that the answer of defendants did not admit the value of her time to have been more than she testified to.

A certified copy of a certificate of partnership of the defendants Marder, Luse & Co., filed in San Francisco, California, was introduced by the plaintiff, and objected to by the defendants. It tended, as we think, to show that two of the defendants here were members of the firm,—that is, John Marder and A. P. Luse,—and was competent evidence, there being nothing to show that any new certificate had been filed. (Civ. Code, secs. 2469–2471.)

We think also that the nonsuit was not improperly denied as to John Marder and A. P. Luse.

We have examined with care and attention the other points made by the appellants as to the action of the court below in refusing to admit evidence proposed by the defendants, but do not perceive any prejudicial error, and we therefore advise that the judgment and order be affirmed.

Vanclief, C., and Belcher, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.