[No. 3923.    Decided July 8, 1901.]

JOHAN GUNDERSON, *Respondent,* v. OTTO GUNDERSON *et ux., Appellants.*

TRIAL — NON-SUIT — SUFFICIENCY OF EVIDENCE.

In an action to recover damages for defendant's breach of a contract of maintenance, plaintiff should be non-suited, when his complaint alleges that, by the terms of the contract between them, plaintiff agreed to convey to defendant certain land "by good and sufficient deed," and that "said land was duly conveyed as per said agreement," and the deed offered in evidence showed that the land was presumptively community property, without any joinder by the wife in its conveyance.

LAWS OF FOREIGN STATE — PRESUMPTIONS.

In the absence of pleading and proof that the laws of a sister state are different from our own, they will be presumed to be the same.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge. Reversed.

*Adolph Munter,* for appellants.

The opinion of the court was delivered by

HADLEY, J.—Johan Gunderson instituted this action against Otto Gunderson and Annie Gunderson, his wife.

It is alleged that on the 23d day of April, 1898, plaintiff and said Otto Gunderson entered into a contract by the terms of which plaintiff agreed to convey to said Otto Gunderson, by good and sufficient deed, a tract of land situated in Columbia county, in the state of Oregon, and, in consideration of said land being so conveyed, the said Otto Gunderson covenanted and agreed to support and maintain plaintiff from the date of said contract until the death of plaintiff, and that on or about said date said land was duly conveyed in accordance with said agreement. It is further alleged that from the date of said contract to the 14th day of July, 1899, the said Otto Gunderson furnished plaintiff with board and lodging, but that since said last-named date he has failed and refused to contribute in any way to the support of plaintiff; that, by reason of the breach of said contract, plaintiff has been put to an expense of $150 for his board and lodging since the said 14th day of July, 1899, to the date of the commencement of this action; that plaintiff is of the age of 74 years, and has a reasonable expectancy of life of 6.68 years, and, by reason of the breach of said contract, defendants are further indebted to plaintiff in the sum of $1,747.20 for his further maintenance. The answer denies that the land referred to was duly conveyed to said Otto Gunderson in accordance with said agreement, and denies that it was conveyed at any time or at all. It also denies that defendants are indebted to plaintiff in any sum whatever for his maintenance and support. There are also some matters of defense alleged affirmatively in the answer, which are denied by the reply, but for the purposes of this opinion it is not necessary to set them out here. A trial was had before a jury, and a verdict was returned in favor of plaintiff for $1,200. Defendants moved for a new trial, which was by the court denied. Judgment was thereupon en-

tered in favor of plaintiff for the sum of $1,200 and costs, and from said judgment the defendants have appealed.

A number of errors are assigned in the brief of appellants, but we will confine our discussion to the third assignment, which is that the court erred in denying appellants' motion for nonsuit. During the introduction of respondent's testimony, he offered in evidence a written instrument claimed to be a deed for land mentioned in the complaint. It purported to convey said land to the appellant Otto Gunderson, and was signed: "Johan Gunderson. Annie Carine Gunderson, by Her Attorney in Fact, Johan Gunderson." The instrument showed upon its face that it was executed in the state of Oregon, and that the land sought to be conveyed was located in said state. No power of attorney is shown in the record, from Annie Carine Gunderson to her husband, Johan Gunderson, authorizing him to execute the purported deed in her behalf. The wife is not named in the body of the deed as being a party to it, and she is not mentioned in the certificate of acknowledgment. Johan Gunderson alone is named as the grantor in the body of the deed, and he alone is named in the officer's certificate as having acknowledged the execution of the instrument. This instrument was offered in evidence in support of the allegation of the complaint that said land was conveyed in accordance with the contract described in the complaint. Objection was made by appellants' counsel to the introduction of this offered instrument for the reason that it appeared that Johan Gunderson was a married man when the instrument was executed; that the land must be presumed to be community real estate, in the absence of a showing to the contrary, and, since his wife had not joined in its execution, it was therefore void, and was not evidence of any consideration for the contract stated in the complaint. It was further urged

in support of the objection that, while it appeared that the land was situated in the state of Oregon, yet, in the absence of averment in the pleading and proof in support thereof to the contrary, it must be presumed that the law of Oregon is the same as our own. The court overruled the objection, and permitted the offered instrument to go to the jury. There was no averment in the complaint concerning the law of Oregon, and no evidence upon that subject. It appears from the record that the theory of the trial court was based upon its construction of the legal effect of certain words in the written contract which called for a deed. The words are as follows:

"Know all men by these presents, that Otto C. N. Gunderson, of the city of Spokane, Spokane county, and state of Washington, for and in consideration of certain lands, to wit, two hundred acres in Columbia county, state of Oregon, being conveyed to him this day by a deed executed, sealed, and delivered to the said Otto C. N. Gunderson by Johan Gunderson, at Portland, Multnomah county, state of Oregon," etc.

The court construed the above words to mean that the deed of Johan Gunderson alone was required by the contract; that it did not call for any deed from the wife, but one for just what Johan Gunderson could convey for himself; and that, since it appears that the offered instrument conveys all that the contract requires, it is immaterial whether the instrument is an effective conveyance either under the law of this state or that of Oregon. This view of the court seems to be in conflict with the case made by respondent in his complaint. He alleges that he entered into a contract "by the terms of which plaintiff agreed to convey to said Otto Gunderson by good and sufficient deed," and, further, that "said land was duly conveyed to said Otto Gunderson as per said agreement." It therefore appears that respondent in his complaint construed his own

contract to mean that he was obligated to convey "by good and sufficient deed." A good and sufficient deed must be one that will pass title. Under the law of this state, title to community real estate will not pass except by deed in which the husband and wife join. Bal. Code, § 4491. Applying the law of this state to the offered instrument, it was neither in support of the allegation of the complaint that the conveyance was to be by good and sufficient deed, nor of the further allegation that the land had been duly conveyed according to the contract. If the trial should have been governed by the law of this state in this particular, then it was error to admit in evidence the so-called deed, and the motion for nonsuit should have been granted.

This brings us to the further contention of appellants, viz.: that under the pleadings and proofs the court must presume the law of Oregon to be the same as our own. In California the trial court charged the jury as follows:

"The sale relied upon by the plaintiff, Hickman, of a portion of the property in controversy from N. J. Farrens to him took place in Oregon, and without the jurisdiction of the state of California; and therefore the said sale cannot be attacked by the defendant in this cause for an actual or legal fraud provided for by the statute of California relating to fraudulent conveyances."

The court says of the above charge as follows:

"This charge was erroneous. There was no proof made as to the laws of Oregon, and in the absence of such proof the court should have presumed them to be the same as the laws of our own state. This rule applies to the statute law of the state as well as to the common law." *Hickman v. Alpaugh*, 21 Cal. 226, 227.

The same rule has been followed in a number of subsequent California decisions. See *Hill v. Grigsby*, 32 Cal. 56; *Marsters v. Lash*, 61 Cal. 622; *Shumway v. Leakey*, 67 Cal. 458 (8 Pac. 12); *Mortimer v. Marder*, 93 Cal. 172 (28 Pac. 814); *Cavallaro v. Texas & Pacific Ry. Co.*,

110 Cal. 348 (42 Pac. 918, 52 Am. St. Rep. 94). The following cases, with others which might be cited, directly support the same rule: *Bean v. Briggs,* 4 Iowa, 464; *Furrow v. Chapin,* 13 Kan. 107; *Brimhall v. Van Campen,* 8 Minn. 13 (82 Am. Dec. 118); *Rape v. Heaton,* 9 Wis. 328 (76 Am. Dec. 269). The rule is also general that, if one relies upon the laws of a foreign state or country, he must allege in his pleadings and prove as facts what those laws are. *Irving v. McLean,* 4 Blackf. 52; *Mason v. Wash,* 1 Breese, 39 (12 Am. Dec. 138); *Hoyt v. McNeil,* 13 Minn. 390; *Shed v. Augustine,* 14 Kan. 282; *Hosford v. Nichols,* 1 Paige, 220; *Holmes v. Broughton,* 10 Wend. 77 (25 Am. Dec. 536); *Ripple v. Ripple,* 1 Rawle, 386; *Jones v. Laney,* 2 Tex. 342; *Taylor v. Boardman,* 25 Vt. 581; *Hull v. Augustine,* 23 Wis. 383. No attempt was made to plead the law of Oregon as it applies to the subject-matter of this cause, and consequently no proof thereof is in the record. We must, therefore, for the purposes of this case, follow the rule of presumption above announced, and presume that the laws of Oregon governing the property relations of husband and wife are the same as our own. It follows, therefore, that the purported deed conveyed no title, was not evidence of any consideration having passed to appellants in support of the contract sued upon, and was not in support of the allegations of the complaint. The objection to its introduction should have been sustained, and, since this was all the evidence offered to show compliance by respondent with the contract, the motion for nonsuit should have been granted.

The judgment is reversed and the cause remanded, with instructions to the court below to enter judgment of nonsuit and dismissal of the action, with costs taxed against respondent.

REAVIS, C. J., and ANDERS, DUNBAR, MOUNT and WHITE, JJ., concur.