[No. 6363. Decided October 24, 1906.]

LEE MANTLE, *Appellant*, v. JOSEPH B. DABNEY *et al.*, *Respondents.*[1]

MORTGAGES—DEED BY HUSBAND AND WIFE AS SECURITY—PAYMENT AND SUBSTITUTING NEW DEBT—CONSENT OF WIFE. Where a deed was executed by a husband and wife as security for a note, and the husband subsequently paid the note in full, but agreed that the deed should be held as security for another note then given by him, the deed was void as security for such note without some act equivalent to legal execution thereof by the wife for such purpose.

STATUTES—FOREIGN LAWS—PLEADING—PRESUMPTIONS. Where the statutes of a state are not pleaded they are presumed to be the same as the laws of this state.

[1]Reported in 87 Pac. 122.

13—44 WASH.

HUSBAND AND WIFE—LIABILITY OF WIFE FOR HUSBAND'S DEBTS—
LAWS OF FOREIGN STATE—CONSTRUCTION. The laws of Montana re-
quiring the wife to file an inventory of her separate property having
been held by the supreme court of Montana to be repealed, and there
being no community property system in Montana, the separate prop-
erty of a wife, situated in this state, is not subject to liability upon
the note of the husband executed in Montana, where the note was
not given for the necessaries mentioned in Montana Civil Code,
§ 227.

APPEAL—DECISION—OBJECTIONS—WAIVER. Where a defense of
usury was waived at the trial, the supreme court cannot, upon appeal
by plaintiff and a reversal, permit the defendants a new trial as to
such defense.

Appeal from a judgment of the superior court for Che-
halis county, Irwin, J., entered April 13, 1906, in favor of
the defendants, after a trial on the merits before the court
without a jury, in an action on a promissory note. Reversed
in part and affirmed in part.

*A. M. Abel* and *W. H. Abel*, for appellant, contended,
among other things, that the trust deed must be construed as
a mortgage. *First Nat. Bank v. Bell etc. Min. Co.*, 8 Mont.
32, 19 Pac. 403; 2 Jones, Mortgages (4th ed.), § 1767;
*Banta v. Wise*, 135 Cal. 277, 67 Pac. 129; 28 Am. & Eng.
Ency. Law (2d ed.), 752. The payment *ipso facto* dis-
charged the security. *Dane v. Daniel*, 23 Wash. 379, 63 Pac.
268; *Fischer v. Woodruff*, 25 Wash. 67, 64 Pac. 923, 87
Am. St. 742; *McMillan v. Richards*, 9 Cal. 365, 70 Am. Dec.
655; *Dutton v. Warschauer*, 21 Cal. 609, 82 Am. Dec. 765;
*Mack v. Wetzlar*, 39 Cal. 247; *Willis v. Farley*, 24 Cal. 491.
The payment operated to reinvest the mortgagor with title.
1 Jones, Mortgages (4th ed.), § 886; 2 Jones, Mortgages
(4th ed.), § 1766; *Holman v. Bailey*, 3 Met. (Mass.) 55;
*Stewart v. Crosby*, 50 Me. 130. The agreement was verbal
and therefore violated the statute of frauds, whether the laws
of Washington, of California, or of Montana, control. Bal.
Code, § 4517; 2 Kerr's Cal. Code, § 2922; *Porter v. Muller*,
53 Cal. 677; 1 Mont. Code, p. 1155, § 2342. This court will

assume that the California statute is like that of Washington. *Gunderson v. Gunderson*, 25 Wash. 459, 65 Pac. 791; *Clark v. Eltinge*, 38 Wash. 376, 80 Pac. 556.

*John C. Hogan*, for respondents, contended, *inter alia*, that the fact that the security has not been foreclosed is a complete defense to an action on a note made in Montana. Montana Code of Civil Procedure, § 1290; *Largey v. Chapman*, 18 Mont. 563, 46 Pac. 808; *Brophy v. Downey*, 26 Mont. 252, 67 Pac. 312; *Bartlett v. Cottle*, 63 Cal. 366; *Hibernia Sav. and Loan Society v. Thornton*, 123 Cal. 62, 55 Pac. 702.

Root, J.—This was an action by appellant upon a promissory note, made by the defendant Joseph B. Dabney, in the state of Montana. From a judgment for respondents, an appeal is prosecuted. The material facts involved are about as follows: On January 27, 1902, Joseph B. Dabney borrowed $15,000 from Mantle and Hodgens, on his personal note, and, with his wife, executed a warranty deed for three hundred and fifty acres of land in California, which deed was delivered with the verbal understanding that it was to be held as security for the payment of said note. On July 28, 1902, Dabney paid said note in full, but at the same time purchased twenty-two thousand shares of oil stock, giving in payment thereof two promissory notes, one of which is the subject-matter of this action. At the time of this transaction, said Dabney agreed with Mantle and Hodgens that they should release one hundred and fifty acres of the land conveyed to them as aforesaid, and hold the balance as security for the payment of the two notes given for the oil stock.

Respondents, at the time of the commencement of this action, were residents of the state of California. The action was commenced by attachment of property belonging to them in this state. Respondents answered separately. One defense interposed was that of usury, which was, however,

withdrawn from the trial.    The principal defense urged by respondent Joseph B. Dabney was that the statute of Montana, where and when the note was given, was, and ever since has been, that no action shall be maintained upon a promissory note other than one to enforce the same against the property by which it is secured, until such property has been subjected to the payment of said note.    To this defense the appellant replies that this note was not secured.    He maintains that, when the $15,000 note was paid, the trust deed which had been given as security for the payment of said note became, as a matter of security, *functus,* and that said deed was never, as a matter of law, any security for the payment of the note sued on herein.

The deed, having been executed and delivered to be held as security for the payment of the $15,000 note, must be treated in effect as a mortgage.    When the entire indebtedness secured by a mortgage is paid and satisfied, such mortgage ordinarily becomes *ipso facto* null and void.    In this instance the mortgage was given by both the husband and wife to secure the $15,000 note.    When that note was paid, the husband and wife could doubtless have executed and delivered another note, and agreed that the deed theretofore made and delivered should be still retained by the payee of the new note as security for the payment thereof.    But this was not done in this instance.    The transactions with reference to the new note were made without the wife being in anywise a party thereto.    To hold the deed good as security for the new note, it was necessary that something should have been done by the husband and wife equivalent to the legal execution of a mortgage, or a deed in trust to serve the same purposes as a mortgage.

The land covered by this deed is in the state of California. The statutes of that state are not pleaded.    Therefore, we are required, as a matter of law, to act upon the assumption that the statutes of that state with reference to mortgages

and deeds of property given to serve the purposes of mort-
gages are the same as the laws touching such matters in our
own state.    Here a mortgage given by the husband upon
community property without the wife joining in the execu-
tion thereof is absolutely void.    It therefore follows that the
deed of this property, in so far as it was intended to serve
as security for the payment of the note sued on, was and is
void.   Hence the statute in question did not forbid the bring-
ing of this action, as the note was not secured.

It is contended by appellant that, under the laws of Mon-
tana, respondent Louise E. Dabney could be held for this
indebtedness, and that the transaction by her husband was
sufficient to bind her and her property.    The following stat-
utes of Montana are pleaded:

"Montana Civil Code:   Sec. 212.   The husband must sup-
port himself and his wife out of his property by his labor.
If he is unable to do so, she must assist him as far as she is
able.                                                            *

"Sec. 213.    Neither husband nor wife has any interest in
the property of the other, except as mentioned in the preced-
ing section, but neither can be excluded from the other's
dwelling.

"Sec. 214.    Either husband or wife may enter into any
engagement or transaction with the other, or with any other
person, respecting property, which either might if unmarried,
subject in transactions between themselves to the general
rules which control the actions of persons occupying confi-
dential relations with each other, as defined by the title on
trusts.

"Sec. 218.    Neither husband nor wife, as such, is answer-
able for the acts of the other.

"Sec. 220.    All the property of the wife owned before her
marriage and that acquired afterwards is her separate prop-
erty.    The wife may, without the consent of her husband,
convey her separate property or execute a power of attorney
for the conveyance thereof.

"Sec. 222.    The filing of the inventory in the clerk's office
is notice and *prima facie* evidence of the title of the wife.

"Sec. 223. The earnings and accumulations of the wife are not liable for the debts of the husband.

"Sec. 227. The separate property of the wife shall be exempt from all debts and liabilities of the husband, unless for necessary articles procured for the use and benefit of herself and her children under the age of eighteen years, but such exemption shall extend only to such property of such wife as shall be mentioned in an inventory thereof, as provided in section 221 and 222. And in no case shall any of the separate property of the wife be liable for the debts of the husband, unless such property is in the sole and exclusive possession of the husband, and then only to such persons as deal with the husband in good faith on the credit of such property, without knowledge or notice that the property belongs to the wife. But the separate property of the wife is liable for her own debts, contracted before or after marriage.

"Sec. 247. The property rights of the husband and wife are governed by this chapter, unless there is a marriage settlement containing stipulations contrary thereto.

"Sec. 253. A married woman may sue and be sued in the same manner as if she were sole.

"Sec. 254. The contracts made by a married woman, in respect to her separate property, labor or services, shall not be binding upon her husband, nor render him nor his property liable therefor; but she and her separate property shall be liable on such contracts in the same manner as if she were sole.

"Sec. 255. A married woman may make a will in the same manner and with the same effect as if she were sole, except that such will shall not, without the written consent of her husband, operate to deprive him of more than two-thirds of her real estate, or more than two-thirds of her personal estate.

"Sec. 256. A married woman may make contracts, oral or written, sealed or unsealed, and may waive or relinquish any right or interests in any real estate, either in person or by attorney, in the same manner to the same extent and with the like effect as if she were a single woman.

"Sec. 257. No estate is allowed the husband as tenant by courtesy upon the death of his wife.

"Montana Code of Civil Procedure: Sec. 3452. In this state there is no common law in any case where the law is

declared by the code or the statute; but where not so de-
clared, if the same is applicable and of a general nature, and
not in conflict with the code or other statutes, the common
law shall be the law and rule of decision.

"Montana Civil Code: Sec. 221.  A full and complete in-
ventory of the separate personal property of the wife may
be made out and signed by her, acknowledged or proved in
the same manner required by law for the acknowledgment or
proof of a grant of real property by an unmarried woman,
and recorded in the office of the county clerk of the county
in which the parties reside.

"Montana Compiled Statutes (1887): Sec. 1439.  That
from and after the passage of this act women shall retain
the same legal existence and legal personality after marriage
as before marriage, and shall receive the same protection of
all her rights as a woman which her husband does as a man;
and for any injury sustained to her reputation, person, prop-
erty, character, or any natural right, she shall have the
same right to appeal in her own name alone to the courts of
law or equity for redress and protection that her husband
has to appeal in his own name alone."

It is urged that it does not appear that Mrs. Dabney filed
the inventory mentioned in these statutes, and that therefore
she cannot escape liability with her husband upon the in-
debtedness evidenced by this note.  It appears, however, that
§§ 221 and 222 have been held by the supreme court of Mon-
tana to be repealed, and consequently that portion of § 227
referring to §§ 221 and 222 would be without virtue.  *Kelley
v. Jefferis*, 13 Mont. 170, 32 Pac. 753; *Lambrecht v. Patten*,
15 Mont. 260, 38 Pac. 1063.  As Montana has no com-
munity law system, and as the indebtedness for which this
note was given was not for the necessaries mentioned in § 227,
we think, in the light of the other sections quoted from the
statutes of that state, that Mrs. Dabney is not liable upon
this note.

It is suggested by respondents that, if the case should be
reversed, this court should remand the same with directions
to permit the defendants to offer proof of the "first affirma-

tive defense contained in the answer of Joseph B. Dabney;" that we should pass upon the question of whether said "first affirmative defense" constitutes a legal defense. On account of the condition in which the record comes here, we are unable to do this. The answer appearing in the record sets forth what it calls defendant's "first affirmative defense," and contains no other affirmative defense. The first portion of said "first affirmative defense" alleges facts which it is claimed constitute usury. This defense was waived upon the trial. No demurrer or motion or ruling thereupon appears in the record.

The judgment of the honorable superior court is affirmed as to Louise E. Dabney, and reversed as to Joseph B. Dabney.

MOUNT, C. J., DUNBAR, CROW, FULLERTON, and HADLEY, JJ., concur.