[No. 6942. Decided October 28, 1907.]

LEE MANTLE, *Respondent,* v. JOSEPH B. DABNEY, *Appellant,*
LOUISE E. DABNEY, *Defendant.*[1]

APPEAL—DECISION—RETRIAL—AMENDMENTS. Upon the reversal
of a case and remand for a new trial, it is not error for the trial
court to refuse to allow the answer to be amended, in a respect
which would be inconsistent with the original answer and testimony
of the defendants and the theory on which the case was first tried.

BILLS AND NOTES—MORTGAGES—ACTIONS—CONDITIONS PRECEDENT—
CONFLICT OF LAWS. Foreclosure of security is not a prerequisite to
an action in this state upon a note made in Montana, secured on
property in California, under the statutes of Montana requiring
foreclosure of a mortgage before any resort to the note secured
thereby.

APPEAL—EXCEPTIONS. Error cannot be predicated on the exclu-
sion of evidence where no exception was taken to the ruling.

Appeal from a judgment of the superior court for Che-
halis county, Irwin, J., entered March 21, 1907, in favor of
the plaintiff, after a trial on the merits before the court with-
out a jury, in an action on a promissory note. Affirmed.

*John C. Hogan,* for appellant.

*W. H. Abel, A. M. Abel,* and *Chas. W. Smith,* for respond-
ent.

ROOT, J.—This case was here once before, and may be
found reported in 44 Wash. 193, 87 Pac. 122, to which ref-
erence is made for a statement of the facts out of which the
action arose. After the remittitur reached the lower court,
the appellant, Joseph B. Dabney, made a motion for leave to
amend his answer by pleading a section of the statute of Cali-
fornia, showing that the husband had control and manage-
ment of the community property, and also by pleading that
he was authorized by his wife to make the agreement whereby

[1]Reported in 92 Pac. 134.

the deed to certain California property was retained by Mantle and Hodgens for the security of the note herein sued on. The trial court refused to permit said amendment, upon the ground that it had no discretion, but under the decision of this court, must enter a judgment against said defendant. From the judgment thereupon entered, this appeal is prosecuted.

In the matter of allowing amendments, much latitude is permitted under our statutes; and we are not prepared to say that there could not be conditions justifying an amendment after a case was remanded as was this. But under the circumstances here found, we do not think that any error was committed by the court in its refusal. That part of the proposed amendment alleging that appellant's wife consented to the giving of the security is inconsistent with the answers of both appellant and wife and with the evidence and theory of the case as presented upon the first trial. The California statute, if pleaded, would not constitute a defense to the action. The Montana statute is as follows:

"Sec. 1290. There is but one action for the recovery of debt, or the enforcement of any right secured by mortgage upon real estate or personal property, which action must be in accordance with the provisions of this chapter. In such actions the court may, by its judgment, direct a sale of the encumbered property (or so much thereof as may be necessary), and the application of the proceeds of the sale to the payment of the costs of the court and the expenses of the sale, and the amount due the plaintiff; and if it appear from the sheriff's return that the proceeds are insufficient, and a balance still remain due, judgment can then be docketed for such balance against the defendant or defendants personally liable for the debt, and it becomes a lien upon the real estate of such judgment debtor, as in other cases on which execution may be issued. No person holding a conveyance from or under the mortgagor of the property mortgaged, or having a lien thereon, which conveyance or lien does not appear of record in the proper office at the time of the commencement of the action, need be made a party to such action; and the

judgment therein rendered, and the proceedings therein had, are as conclusive against the party holding such unrecorded conveyance or lien as if he had been made a party to the action."

We do not think this statute can have the effect of making a foreclosure upon the security in California a prerequisite to an action upon the note in this state.

It is also urged by appellant that he should have been permitted to offer evidence in support of the offset pleaded in his affirmative defense. Respondent asserts in his brief that this defense was stricken by the trial court and no exception to the ruling reserved by appellant. It is claimed in appellant's brief that no such ruling was ever made. The statement of facts upon the first appeal shows that respondent's counsel, upon the trial, stated that said defense had theretofore been stricken. His statement was not challenged. This, with the fact that the trial court gave no attention to such defense, would indicate that it had been stricken. It not appearing that any exception was taken to such ruling, we are not authorized to review the same.

The judgment is affirmed.

HADLEY, C. J., RUDKIN, CROW, MOUNT, and FULLERTON, JJ., concur.