[No. 22348.   Department Two.   October 6, 1930.]

ANDREW LINO *et al., Respondents,* v. INGA HOLE, *Appellant.*[1]

*Joseph C. Cheney* and *Elwood Hutcheson,* for appellant.

*Udell & Mitchell,* for respondents.

[1]Reported in 291 Pac. 1079.

FULLERTON, J.—In this action, the plaintiffs, respondents in this court, recovered against the defendants, J. C. Hole and Inga Hole, upon a promissory note. In the complaint, it is alleged that J. C. Hole and Inga Hole are husband and wife; that, on January 4, 1927, while the marriage relationship existed, the defendant J. C. Hole made, executed and delivered to the plaintiffs a promissory note, wherein and whereby he promised and agreed to pay to the order of the plaintiffs, twelve months after the date of the note, the sum of four hundred twenty-one and 16/100 dollars; and that no part of the note had been paid.

The summons issued at the commencement of the action was served personally on the defendant J. C. Hole in the county in which the action was brought, and served upon the defendant Inga Hole, according to the return of the sheriff,

". . . by delivering and leaving with J. C. Hole, the husband of said defendant, at the house of the usual abode of said defendant, he being a person of suitable age and discretion then resident therein, personally in said Yakima county, a copy of said summons and therewith a copy of the complaint in the action named in the summons."

Neither of the defendants appeared in the action, and on November 2, 1929, judgment by default was entered against them. On November 7, 1929, the defendant appeared by counsel and moved to vacate the judgment, stating, as grounds therefor, that the judgment was entered

". . . through mistake, unavoidable surprise, and excusable neglect, and on the further ground that said judgment is wholly and in all respects erroneous and void."

The motion recited that it was based on the files and records in the cause, upon affidavits attached thereto,

18

and upon affidavits "hereinafter to be filed and served," and upon oral testimony to be offered at the hearing on the motion. The motion came on for hearing before the court on November 16, 1929. No additional affidavits were filed at or before the time of the hearing, nor was any oral evidence introduced at that time, and the motion was denied by the court by an order entered as of that date. The defendant, Inga Hole, appeals both from the judgment and the order of the court refusing to vacate the judgment.

The appellant first contends that the judgment is void as against her because of want of a sufficient service of process upon her. On the face of the record, the proceedings are sufficiently regular. The affidavits submitted to the court, however, tend to show that the service was made in a roadway leading to the house, and while in the vicinity of the house, not in the house itself. But the statute providing for and regulating this form of service (Rem. Comp. Stat., § 226, subd. 12) does not require that the service be made in the house of the usual abode of the defendant, but "at the house" of his usual abode. There is a difference between the expressions, as clearly a person may be at a house although not within it. But the question is not a new one in this court. It was presented in the case of *State ex rel. Pacific Loan & Inv. Co. v. Superior Court*, 84 Wash. 392, 146 Pac. 834, where, under the precise situation, we held the service sufficient.

It is next objected that the judgment is erroneous because entered against the community, whereas the obligation is the separate debt of the husband. It is alleged in the complaint, as we have noticed, that the note sued upon was executed by the husband at a time the marital relation existed between the husband and the appellant. Presumptively, therefore, the debt was a community debt, and, as nothing to the contrary

appeared, judgment was properly entered against the community. But it is averred in the affidavit of J. C. Hole that the note was given for an indebtedness contracted in the state of Illinois, and that, under the laws of that state, the debt is his separate debt, not a debt of the community or the joint debt of himself and wife.

The further question is whether this so far overcame the presumption as to require the trial court to vacate the judgment in this particular. It is our opinion that it did not. Where the laws of a sister state are called in question in a court of this state, and there is no proof that they differ from our own laws, the court presumes they are the same as our own. *Clark v. Eltinge,* 38 Wash. 376, 80 Pac. 556, 107 Am. St. 858; *Mantle v. Dabney,* 44 Wash. 193, 87 Pac. 122; *Pitt v. Little,* 58 Wash. 355, 108 Pac. 941; *Gunderson v. Gunderson,* 25 Wash. 459, 65 Pac. 791; *Daniel v. Gold Hill Mining Co.,* 28 Wash. 411, 68 Pac. 884. While the presumption may be overcome by proof, still the proofs must be substantial. If the question at issue is governed by statute of the state where the contract is made, the fact may be proved by an exhibit of the statute; if it is a question of general law, it may be proved by one learned in the laws of the state, but the court will hardly accept the statement of a mere layman that the laws of a sister state differ from our own. He must at least show some qualification to testify on the question, and here the witness has shown no qualifications whatsoever.

The final objection is that the judgment is personal against the wife, subjecting her separate property to distraint and sale thereunder. If the judgment is to be so construed, then it is erroneous in this particular and should be modified. The respondents make a somewhat extended argument to show that the appellant misinterprets the judgment, and it is possible

20

that the trial court was of this opinion when it refused to modify it. But we think we need not enter into the merits of the question. The judgment is sufficiently obscure in its wording as to make its intent doubtful in this particular, whereas the appellant is entitled to have it rendered definite and certain.

The judgment is reversed and the cause remanded with instructions to modify it in the particulars last mentioned. Neither party will recover costs in this court.

MITCHELL, C. J., HOLCOMB, BEALS, and MAIN, JJ., concur.