## COMMERCIAL NAT. BANK OF LOS ANGELES v. CATRON et al.

### No. 409.

Circuit Court of Appeals, Tenth Circuit.

July 1, 1931.

Thomas Keely, of Denver, Colo. (Wm. V. Hodges, D. Edgar Wilson, and H. C. Vidal, all of Denver, Colo., on the brief), for appellant.

C. C. Catron, of Santa Fé, N. M., for appellees.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

COTTERAL, Circuit Judge.

The Commerical National Bank of Los Angeles appeals from a judgment of dismissal on demurrer to an amended complaint, in a suit it brought against John W. Catron and Virginia F. Catron, on two promissory notes, dated at Los Angeles, Cal., May 24, 1923, payable with interest and attorneys' fees to plaintiff at its banking house in that city. The first cause of action declared on a note for $5,000, credited with $87.50 as interest, and a further payment of $1,664.25, disclosing on its face that it was secured by a trust deed of real property. The second was on a note for $1,123.01, with like interest and attorneys' fees.

The defendants demurred to each count. The ground of demurrer to the first was it stated no cause of action, because under a statute of California but one action is allowed for recovery of debt or the enforcement of a mortgage and it did not accrue until the security was exhausted and then only as a demand on a deficiency judgment. The ground of demurrer to the second count was that there was not a sufficient jurisdictional amount in controversy.

The demurrer was sustained. Thereafter the plaintiff filed an amended complaint, further alleging that the defendants had executed the trust deed (a copy of which is exhibited) to trustees of real estate in Los Angeles, that the property had been sold to plaintiff pursuant to the deed, and that the net proceeds realized were shown by the larger credit on the note. The second note was again pleaded, showing the amount due as before, except a credit of $19.65 as interest.

The defendants renewed their demurrer, asserting that the trust deed was of the na-

ture of a mortgage, that the sale of the property under it was void, and the plaintiff held the property as an involuntary trustee as under a mortgage, wherefore by the statute there was no right of action on the note. The former jurisdictional objection was taken to the second cause of action. This demurrer was sustained and the action dismissed.

The statute invoked by the defendants is section 726, Code Civ. Proc., which provides: "There can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real or personal property, which action must be in accordance with the provisions of this chapter. In such action the court may, by its judgment, direct the sale of the encumbered property (or so much thereof as may be necessary), and the application of the proceeds of the sale to the payment of the costs of court, and the expenses of the sale, and the amount due plaintiff. * * *"

█ Counsel for appellant rightly maintain that the statute relates only to a remedy in the courts of California and does not affect a substantive right of contract, sought to be enforced in other courts, and that it has no application to a suit upon a note secured by a deed of trust.

In Maxwell v. Ricks (C. C. A.) 294 F. 255, where there was a suit upon two notes, the question arose whether the remedy was affected by a mortgage security. It was conceded that in the courts of California but one action was allowed to the creditor, but it was held that the right to subject the property to a debt was not so connected with the common-law right of action thereon as to exclude a remedy in other courts and that the statute did not purport to and did not impair the obligation or the transitory character of suit in a court possessing jurisdiction over the parties and subject-matter. There were citations not only to cases in point but to controlling authority from the Supreme Court of the United States, and the remedy on the notes was sustained. The principles announced in that case are sound and they afford a satisfactory precedent for the disposition of this case in favor of the bank. Like rulings were made in Dolbear v. Foreign Mines Development Co. (C. C. A.) 196 F. 646, and in Mantle v. Dabney, 47 Wash. 394, 92 P. 134.

█ It may well be added it is a general rule that in the absence of a restrictive statute in force where suit is brought, a secured creditor has a remedy on either his demand or security, or on both, and that the law of the forum governs as to the character and extent of the remedy. 41 C. J. 839; 1 C. J. 56, 57. And we find no statute in New Mexico which affects the remedy of the bank on the note.

█ Furthermore, the California courts have pointed out the essential difference between mortgages and trust deeds to be that the former create liens and the latter convey title, showing there was no occasion to affix a statutory condition upon a recovery of a debt, where it is secured by a trust deed, or otherwise than by a mortgage, from which it follows it was not done by the remedial statute here involved. Commerical Sav. Bank v. Hornberger, 140 Cal. 16, 73 P. 625; Smiley v. Watson, 23 Cal. App. 409, 138 P. 367; Ould v. Stoddard, 54 Cal. 613; Martin v. Becker, 169 Cal. 301, 146 P. 665, Ann. Cas. 1916D, 171; Sacramento Bank v. Murphy, 158 Cal. 390, 115 P. 232; Weber v. McCleverty, 149 Cal. 316, 86 P. 706.

The demurrer to the first cause of action in the original complaint should have been overruled, because the bank had an independent remedy on the note, regardless of the trust deed. The amendment made to the complaint in view of the adverse ruling presents no different question and no ground for a demurrer. But it has resulted in considerable discussion of the effect of the trust deed and the sale under it upon the right to a recovery.

█ But the discussion is based on the erroneous assumption that it was first essential for the bank to exhaust the security effected by the trust deed. Even from that standpoint, there is no force in the arguments for the defendants. For example, the point is sought to be made that the note described in the trust deed is dated May 25, one day later than the note in suit, and for that reason there was no valid sale under the trust deed and no exhaustion of that security. But the note was only the evidence of a debt incurred by a loan of the same amount, and it cannot be doubted there was but one note. The misdescription is too technical for serious notice. It is also said that the identity of the note was not sufficiently pleaded, but the point is only another technicality. The amended complaint can only be reasonably construed as declaring on the note described in the trust deed. However, the discussion is wholly immaterial, as the trust deed and the sale under it in no way affected the remedy of the bank on the note.

Our conclusion is that it was error to sustain the demurrer to the first count of the amended complaint.

■■ There was also manifest error in sustaining the demurrer to the second count. It is true the note there pleaded did not of itself reach the required jurisdictional amount in controversy. But the rule is well settled that all the demands in suit are to be taken together for purposes of jurisdiction, and it is not lost where upon a trial either a defense is established or the recovery is less than is required to be alleged when suit is brought. Hughes Fed. Prac. & Proc. vol. 1, §§ 490, 503; Heffner v. Gwynne-Treadwell Cotton Co. (C. C. A.) 160 F. 635; Edwards v. Bates County, 163 U. S. 269, 16 S. Ct. 967, 41 L. Ed. 155; Schunk v. Moline, M. & S. Co., 147 U. S. 500, 13 S. Ct. 416, 37. L. Ed. 255; Tennent-Stribling Shoe Co. v. Roper (C. C. A.) 94 F. 739; Board of Commissioners v. Vandriss (C. C. A.) 115 F. 866; Lilienthal v. McCormick (C. C. A.) 117 F. 89; Yates v. Whyel Coke Co. (C. C. A.) 221 F. 603.

The order sustaining the demurrer to the amended complaint and the judgment dismissing this action are accordingly reversed, and the case is remanded to the District Court, with direction to require an answer of the defendants.

Reversed.