### Art Craft Cabinets, Inc. v. Speitel

*J. Michael Flanagan,* for plaintiff.
*Peter I. Hahn,* for defendant.

PEREZOUS, *J.,* March 31, 1986—Presently before the court is the demurrer of defendants, James W. and Ann D. Speitel, to a complaint filed on the mechanic's lien claim of Art Craft Cabinets, Inc.

During 1983, plaintiff renovated defendants' residence on an open account contract. Thereafter, plaintiff alleges an unpaid balance of $19,178.70 accrued. On October 21, 1983, plaintiff docketed its claim and attached copies of three invoices dated February 15, July 22 and September 7 of that year.

The instant complaint followed within two years. See 49 P.S. §1701(b). The gravamen of defendants' demurrer is that these invoices are insufficiently specific to satisfy 49 P.S. §1503(6). With this contention the court agrees.

The statute states in relevant part that:

"The claim shall state . . .

(5) if filed by a contractor under a contract or contracts for an agreed sum, an identification of the contract and a general statement of the kind and character of the labor or materials furnished;

(6) in all other cases than that set forth in clause (5) of this section, a detailed statement of the kind and character of the labor or materials furnished, or both, and the prices charges for each thereof. . . ". 49 P.S. §1503. Plaintiff stresses that the invoices should be viewed "less stringently" where direct dealings between contractor and owner are involved and further, that because these invoices reflect work largely done "as per instructions" of defendants, it would be "incongruous" to now allow an objection based on a lack of information arguably already within the owners' knowledge.

First, claims based on quantum meruit are not "contracts for an agreed sum" under subsection (5), and thus the greater specificity of subsection (6) applies. See e.g., Scoppetti v. Scarborough, 41 Del. 116, 118 (1954). Second, it is consistent to require this information in cases of an open account, because the dispute will likely center not on the nature of the work, but the quality and cost of the labor and materials furnished; knowledge presumably the contractor must have to prepare its bill. Therefore, while the issue "is usually a very difficult and close one", the court finds the resent claim does not comply with 49 P.S. §1503(6). Giansante v. Pascuzzo, 34 D. & C. 2d 554, 557 (1964).

Although express delineation is often avoided, we note the claim should contain (1) a detailed statement of the work's nature, 49 P.S. §1503; (2) first and last dates worked, Hess v. Houtz, 20 Cumb. 2, 5-6 (1972); (3) separate labor charges with corresponding hours and rates, Scoppetti, supra; and (4) a list of the kind and quantities of materials, Diem v. Whirt, 50 Lanc. 259, 260 (1946) (separate prices not necessary). As each invoice failed to contain either a detailed description, hourly rates or a list of materials, inquiry into the issue of substantial compliance need not even be initiated. See Jno. D. Bogar Lumber Co. v. Seldomridge, 56 Lanc. 442, 444 (1959). There remains now only the issue of whether the court should allow plaintiff to amend this defect and preserve his lien, or be forced to institute an ordinary contract action without priority.

Defendants cite pre-1963 cases which held such non-conformance to the state to be a "substantial error" that resulted in striking the claim. See e.g., Fitzpatrick v. Howes, 76 D. & C. 543, 552 (1951). The claimant notes the policy shift towards broader discovery and liberal amendments that has oc-

curred since those cases. The court finds, however, that the Mechanic's Lien Law of 1963 fatally dates defendants' cases and renders plaintiff's policy review simply unnecessary. Act of August 24, 1963, P.L. 1175.

Section 1504 of the 1963 Act states in full:

"A claim may be amended from time to time without prejudice to intervening rights by agreement of the parties or by leave of court, except that no amendment shall be permitted after the time for filing a claim has expired which undertakes to:

(1) substitute a different property than that described in the claim, or

(2) substitute a different party with whom the claimant contracted, or

(3) increase the aggregate amount of the claim. 49 P.S. §1504.

In comparison to the old Act, this language represents a substantial rewording, but it only changed the substance of the provision in one respect. See Act of June 4, 1901, P.L. 431, §51. This was explained by the 1964 Report of the Joint State Government Commission which unequivocally commented "Clause (3) is new and is added to make clear that so long as the total amount of the claim is not increased, amendments which change itemizations or break down lump sums are permissible. The decisional law was in conflict on this point."

Indeed, prior law conflicted more than the Defendants would have had us believe. Compare Fitzpatrick, supra, with Raymond v. Brookside Distilling Products Corp., 44 Lack. 181, 184 (1943). Unfortunately, the wording of the statute did little to initially inform courts of the legislature's desire to end this conflict. See Grimes v. Barnes, 84 Mont. 305, 310 (1966) (intent was to have old decisions control); Hoffman Lumbar Co. v. Geesey, 12 Chest.

375, 376-77 (1965) (intent to further restrict granting of amendments); Larson Construction Co. v. Donaldson Crossroad, Inc., 44 Wash. 196, 198 (1965) (intent to liberalize). Reported authority on this issue has since then ceased.

The commission is an authoritative body on legislative history and such history is particularly controlling where a statutory provision is substantially amended. Act of July 1, 1937, P.L. 2460. Also, such an interpretation represents a reasonable balancing of competing interests. Although the purpose of §1503(6) is to give "the owner sufficient information to enable him to know whether or not it ought to be paid, and defend against it if he thinks it should not," Heat and Power Corp. v. Foust Distilling Co., 62 York 49, 53 (1948), the owner has equal opportunity to demand the claimant produce such information. As ocurred here, the issue may simply lie dormant for two years because the owner has no concern over the docket's notation affecting his or others' "intervening rights" while the claimant rests on a potentially false sense of security.

Accordingly, we enter the following

## ORDER

And now, March 31, 1986, the claimant, Art Craft Cabinets, Inc., is orderd to amend its complaint within thirty days to contain an itemization in conformity with 49 P.S. §1503(6) and the attached opinion, said itemization not to exceed $19,178.70 plus interest since October 21, 1983, and defendants', James W. and Ann D. Speitel, demurrer is dismissed without prejudice to refile such preliminary objections at the end of the 30 days.