■ EILEEN COSTINE, as Administratrix of the Estate of DAVID J. COSTINE, Deceased, Respondent-Appellant, v ST. VINCENT'S HOSPITAL & MEDICAL CENTER OF NEW YORK et al., Defendants, and JOHN M. O'LEARY, Appellant-Respondent.— Order, Supreme Court, New York County (Michael J. Dontzin, J.), entered on July 17, 1990, which, *inter alia,* confirmed the findings of a Referee that validated service upon defendant O'Leary, unanimously affirmed, with costs to plaintiff.

In attempting to effect service at defendant's home, a process server was stopped by a man at a security booth outside the private residential community in which defendant lives. The process server stated that he had legal papers for defendant. The guard, who identified himself as a superintendent, told the server he could not proceed, but that he (the guard) would forward the papers to defendant. The process server handed him the papers, which were addressed to defendant and were marked as containing legal material. By screening the visitor and representing that he would pass along the legal papers to defendant resident, the guard exhibited sufficient maturity and responsibility under the circumstances. *(See, City of New York v Chemical Bank,* 122 Misc 2d 104.) Service at that location was proper because the outer bounds of defendant's actual dwelling place were deemed to extend to the security booth, the point at which the process server's progress was arrested. *(See, duPont, Glore Forgan & Co. v Chen,* 41 NY2d 794.)

The finding of defective service upon defendant's wife was not preserved for review by cross-motion before the referring IAS Justice. In any event, on the merits, the Referee's credi-

bility findings on that matter should not be disturbed. Concur —Sullivan, J. P., Milonas, Wallach, Ross and Kassal, JJ.