OPINION OF THE COURT
Herbert Kramer, J.
Defendant Doris Brenner moves to dismiss the action for lack of personal jurisdiction pursuant to CPLR 3211 (8) claiming that service upon her husband, Lewis Brenner, did not effectuate proper service upon her.
*97 A traverse hearing having been held, the court makes the following findings of fact.
On January 21, 1992, David R. Jerviss, a licensed process server, handed two copies of the summons and complaint to one of the defendants, Lewis Brenner, in front of the premises located at 536 East 8th Street, Brooklyn, New York. Personal service upon Lewis Brenner is conceded.
Lewis Brenner testified that at the time of service he was standing on the sidewalk in front of his residence within the property line. He also testified that Doris Brenner resides at 536 East 8th Street, Brooklyn, New York, and that she is the owner of said premises.
DISCUSSION
The issue raised is whether service on a sidewalk in front of defendants’ residence falls within the definition of "dwelling place or usual place of abode” (CPLR 308 [2]).
The defendant husband was served while standing on the sidewalk in front of his residence, at the end of the driveway that extends across the front of the premises.
The court finds that the outer bounds of the actual dwelling place are deemed to extend to this area. Courts have upheld service made on a roadway leading to the house, while in the vicinity of the house or "at the house” and not in the house itself (Lino v Hole, 159 Wash 16, 291 P 1079 [1930]; Rousseau v Gayarre, 24 La Ann 355 [1872]).
The court also finds that the "special use” to which part of this sidewalk, upon which defendant husband was served, was converted to a driveway, lends further support to service being at the "usual place of abode”.
The First Department more recently expanded the concept to extend the outer bounds of a defendant’s actual dwelling place to a security booth located outside the private residential community in which defendant lived (Costine v St. Vincent’s Hosp. & Med. Ctr., 173 AD2d 422).
The court finds that sufficient authority exists to extend the definition of "usual place of abode” to include the sidewalk in front of defendant’s residence and service of process upon defendant husband at that location satisfied the requirements of section 308 (2) and personal jurisdiction over the defendant Doris Brenner was obtained thereby.