■ ROBERT DUFFY, Respondent, v ST. VINCENT'S HOSPITAL, Defendant, and JOHN O'LEARY, Appellant. [603 NYS2d 47] — Order, Supreme Court, New York County (Carol Arber, J.), entered on or about September 21, 1992, which denied defendant-appellant's motion to dismiss for lack of personal jurisdiction, unanimously affirmed, without costs.

We agree with the IAS Court that the process server satisfied the delivery requirement of CPLR 308 (2) in attempting to deliver the summons to the security guard at defendant's residential community. Since the affidavit of the guard indicates that he stopped the process server from entering the community at the security gate, the outer bounds of defendant's actual dwelling place could be deemed to extend to the guard's booth, where the process server's progress was arrested, and service at that location would have been proper had the guard accepted the summons (Costine v St. Vincent's Hosp. & Med. Ctr., 173 AD2d 422). His refusal to do so, although aware that this was the purpose of the process server's presence, entitled the process server then to leave the summons in the " 'general vicinity' " (Bossuk v Steinberg, 58 NY2d 916, 918), which included the nearby lawn when the guard did not allow the papers to be left at the gate.

We have considered defendant's remaining contention that his denial of receipt of the summons in the mail raises a jurisdictional issue of fact, and find it to be without merit. Concur—Sullivan, J. P., Rosenberger, Ellerin and Wallach, JJ.