■ MAX HOUSS, Appellant, v MALKE DACHOWITZ et al., Respondents. [681 NYS2d 290] —In an action, *inter alia,* to recover possession of real property pursuant to RPAPL article 6, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Cannizzaro, J.H.O.), dated May 30, 1997, as, after a hearing to determine the validity of service of process, granted the defendants' motion to vacate a judgment entered upon their default in appearing or answering to the extent of, in effect, vacating the judgment as against the defendants Malke Dachowitz, Harvey Crupar, and William Dachowitz.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants'

motion which were to vacate the default judgment as against Malke Dachowitz, Harvey Crupar, and William Dachowitz are denied.

As the Supreme Court correctly found, the evidence adduced at the hearing to determine the validity of service of process established that personal service had been properly made upon the defendants Hene Crupar and William Dachowitz pursuant to CPLR 308 (1). The court apparently misspoke when it nevertheless ruled that William Dachowitz was to be restored to the premises. Under the circumstances at bar, there was no basis to restore this defendant, who was properly served, and whose default was not vacated.

The court erred insofar as it determined that the plaintiff had improperly attempted to serve the defendants Malke Dachowitz and Harvey Crupar pursuant to CPLR 308 (4). No attempt at so-called "nail and mail" service was made. Rather, the record clearly demonstrates that service upon these defendants was effectively made pursuant to CPLR 308 (2) by serving Hene Crupar and William Dachowitz with additional copies of the summons and complaint, and by timely mailing copies to Malke Dachowitz and Harvey Crupar at the subject premises. Contrary to the defendants' contentions, the fact that the actual delivery of the summons and complaint occurred on the sidewalk in front of the defendants' residence is of no moment (*see, Farina v Brenner,* 155 Misc 2d 96; *see also, Costine v St. Vincent's Hosp. & Med. Ctr.,* 173 AD2d 422). Rather, Hene Crupar and William Dachowitz were persons of suitable age and discretion and thus service upon them, followed by the requisite mailings, was sufficient to obtain jurisdiction over Harvey Crupar and Malke Dachowitz (*see, Matter of Foley,* 140 AD2d 892; *Brooklyn Union Gas Co. v Arrao,* 100 AD2d 949).

The defendants' remaining contentions are without merit. Rosenblatt, J. P., Miller, Thompson and Joy, JJ., concur.