■ CITY OF NEW YORK, Appellant, v VJHC DEVELOPMENT CORP. et al., Respondents, et al., Defendants. [2 NYS3d 453]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered October 18, 2013, which, to the extent appealed from as limited by the briefs, granted the part of defendants Thomas Sung (Thomas), Vera Sung (Vera), VJHC Development Corp., and Mott & Prince Management Inc.'s motion that sought to dismiss the complaint as against Thomas pursuant to CPLR 3211 (a) (8) and granted the part that sought to dismiss the complaint as against Vera, VJHC, and Mott & Prince pursuant to CPLR 3211 (a) (1) and (7) to the extent of ordering a hearing, unanimously reversed, on the law and the facts, without costs, and the motion denied.

The motion court erred by granting the motion to dismiss as against Thomas pursuant to CPLR 3211 (a) (8) as unopposed; plaintiff opposed it.

Plaintiff properly served Thomas with the amended complaint pursuant to CPLR 308 (2) by delivering it to his 47-year-old daughter Vera at his actual place of business and mailing it to his actual place of business in an envelope marked "personal and confidential." Thomas contends that Vera was not authorized to accept service on his behalf. However, authority is not a relevant criterion with respect to service on individuals (*see Charnin v Cogan*, 250 AD2d 513, 517-518 [1st Dept 1998]; *Public Adm'r of County of N.Y. v Markowitz*, 163 AD2d 100 [1st Dept 1990]). Upon Vera's refusal to accept service, it was proper for the process server to leave the amended complaint in her "general vicinity" (*Duffy v St. Vincent's Hosp.*, 198 AD2d 31, 31 [1st Dept 1993] [internal quotation marks omitted]).

Thomas's complaint that the process server did not determine if the 47-year-old Vera was a suitable person to serve is unavailing. We reject his claim that 6 Bowery, sixth floor, was not his actual place of business; the process server submitted an affidavit saying that, once he exited the elevator on the sixth floor of 6 Bowery, he saw the sign, "Thomas Sung, at-

torney at law." Nor is Thomas's affidavit conclusorily denying that he received any pleadings sufficient to overcome the presumption of delivery that attaches to a properly mailed letter (*Public Adm'r*, 163 AD2d at 101). We also reject Thomas's contention that he was entitled to be served by a licensed process server. He did not submit any proof that plaintiff's process server was not licensed. In any event, the process server's not being licensed would not invalidate service (*see Wellington Assoc. v Vandee Enters. Corp.*, 75 Misc 2d 330, 333 [Civ Ct, NY County 1973]). Since plaintiff properly served Thomas with the amended complaint, it is not necessary to consider whether it properly served him with the original complaint (*see Plaza PH2001 LLC v Plaza Residential Owner LP*, 98 AD3d 89, 99 [1st Dept 2012]).

Contrary to defendants' claim, an order directing a hearing is appealable (*see Grand Cent. Art Galleries v Milstein*, 89 AD2d 178, 180-181 [1st Dept 1982]).

The motion court erred by ordering a hearing on the parts of defendants' motion seeking dismissal for failure to state a cause of action and upon documentary evidence. Whether plaintiff has a cause of action and whether documentary evidence conclusively refutes plaintiff's allegations are questions of law.

The amended complaint states a cause of action under Administrative Code of City of NY § 7-706 (a). By the plain language of the statute, plaintiff is not limited to suing owners; rather, it may sue "the person or persons conducting, maintaining or permitting the public nuisance." Similarly, the statute does not require that the person or persons *knowingly* conduct, maintain, or permit the public nuisance. Even if, arguendo, knowledge were required, defendants' submissions would not warrant dismissal. For example, Thomas's and Vera's affidavits, which say they had no knowledge that VJHC's tenants were engaged in counterfeiting activity, do not qualify as documentary evidence for purposes of CPLR 3211 (a) (1) (*United States Fire Ins. Co. v North Shore Risk Mgt.*, 114 AD3d 408, 409 [1st Dept 2014]).

The court, sub silentio, denied so much of defendants' motion as sought to dismiss the fourth through fourteenth causes of action on the ground that plaintiff was improperly splitting those claims. Defendants did not cross appeal. Hence, they may not argue on plaintiff's appeal that plaintiff may not litigate those causes of action (*see Hecht v City of New York*, 60 NY2d 57 [1983]). Concur—Friedman, J.P., Andrias, Saxe, Richter and Gische, JJ.